Robert F. CALLAGHAN,
Plaintiff–Appellant,

v.

Donna E. SHALALA,* Secretary, Department of Health and Human Services,
Defendant–Appellee.

No. 92–2827.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 28, 1993.

Decided April 29, 1993.

Frederick J. Daley (argued), Marcie E. Goldbloom, Robert C. Kielian, Kielian & Walther, Chicago, IL, for plaintiff-appellant.

Fred Foreman, U.S. Atty., Office of the U.S. Atty., Crim. Div., Ted K. Yasuda, Gen. Counsel (argued), Dept. of Health and Human Services, Region V, Office of the Gen. Counsel, Daniel E. May, Office of the U.S. Atty., Civ. Div., Appellate Section, Chicago, IL, for defendant-appellee.

* Donna E. Shalala is substituted for her predecessor, Louis W. Sullivan, as Secretary of Health and Human Services. Fed.R.App.P. 43(c)(1).

Before RIPPLE and KANNE, Circuit Judges, and WOOD, Jr., Senior Circuit Judge.

HARLINGTON WOOD, Jr., Senior Circuit Judge.

What is substantial gainful activity? That is the issue at the heart of Robert F. Callaghan's appeal to this court. Mr. Callaghan claims he is physically unable to do substantial gainful activity and therefore is entitled to Social Security disability insurance benefits. The Social Security Administration, an Administrative Law Judge, and a federal district court disagree. So must we.

## I. FACTS

Mr. Callaghan suffers from a bad back. He says he cannot bend and has trouble sitting or standing for more than a half-hour. His back problems stem from a 1961 injury at a construction site where Mr. Callaghan worked as a carpenter. The initial injury was compounded by an automobile accident in 1966 which fractured vertebrae in his back and left Mr. Callaghan in a body cast for approximately four months. Since the accident, Mr. Callaghan says he has suffered other less serious injuries to his back while working in construction.

Finding this line of work too taxing, Mr. Callaghan left construction in 1983. For the next five years, with the help of family members, Mr. Callaghan operated two small businesses. From 1983 to 1985, Mr. Callaghan owned and operated a sandwich shop. Thereafter, until 1988, he owned and operated an upholstery business whose main purpose was fabricating and installing acoustical fabric wall panels. Neither business· was financially successful. Mr. Callaghan maintains his back problems continued to worsen throughout this period.

In August 1989 Mr. Callaghan filed for Social Security disability benefits. One month later, the Social Security Administration denied his claim. In January 1990 Mr. Callaghan filed a request for reconsideration. The administration employed a physician and disability examiner to review Mr. Callaghan's claim but in February 1990 again denied disability benefits. Mr. Callaghan then re-

quested a hearing before an Administrative Law Judge (ALJ).

At the hearing before ALJ James Gramenos on May 3, 1990, Mr. Callaghan appeared in person and was represented by counsel. The critical inquiry at the hearing was whether Mr. Callaghan· was disabled as of December 31, 1987, the point at which his disability insurance coverage expired.

In examining whether Mr. Callaghan was disabled by December 31, 1987, ALJ Gramenos focused on two separate issues. First, he asked whether Mr. Callaghan could prove he made any payments to Social Security after 1982. If so, this would extend Mr. Callaghan's period of disability insurance coverage. Consequently, Mr. Callaghan would have a greater period of time in which to prove he became disabled. To this end, the ALJ repeatedly urged Mr. Callaghan to submit into evidence tax returns from those years. Secondly, the ALJ asked Mr. Callaghan to submit additional medical records to prove he was indeed physically disabled as of December 31, 1987.

On the same day as the hearing, the ALJ entered an order holding open the record until May 24, 1990, for receipt of the additional evidence. Specifically, the ALJ allowed counsel the opportunity to submit medical records covering the years 1986 to 1989. "Further, in the event there are additional financial/income tax records showing SS taxes/earning for a period beyond the early 1980's as now reflected in the claimant's earnings-record to produce such evidence." Admin.R. at 211.

Taking advantage of the order, Mr. Callaghan submitted additional medical evidence. He did not, however, send the ALJ any tax returns. On June 11, 1990, the ALJ wrote to Mr. Callaghan's attorney specifically asking for copies of Mr. Callaghan's tax returns during the time he operated his two businesses. The ALJ said the returns were needed "to resolve a major problem for your claimant." *Id.* at 210. The problem was that Mr. Callaghan claimed to be disabled since May 17, 1983, yet operated two successive businesses until 1988. The ALJ asked Mr. Callaghan's counsel to send the tax returns within twenty-five days.

The twenty-five day time period came and went without any response. On July 13, 1990, the ALJ on his own initiative then sent a letter to Mr. Callaghan and a copy of that letter to Mr. Callaghan's attorney. The letter stated that "[t]he issue that remains for resolution is the extent of your employment activity for the pertinent period." *Id.* at 212. The ALJ again gave Mr. Callaghan the opportunity to provide tax returns "reflecting the income generated and reported in your federal tax return, in addition to the amount of income reported as an upholsterer from 1985 to 1988." *Id.* To allow adequate time for a response, the ALJ stated he would keep the record open for an additional month, until August 13, 1990. The ALJ also stated that Mr. Callaghan could send a letter requesting additional time, if needed, and provided Mr. Callaghan with a return envelope for that use. Included with the letter to Mr. Callaghan was a copy of the June 11, 1990, letter the ALJ had sent Mr. Callaghan's attorney, as well as a copy of the order the ALJ issued on May 3, 1990, which first mentioned the need for additional tax and medical records.

Unfortunately, neither Mr. Callaghan nor his attorney submitted the tax returns nor asked for an extension of time before the August 13, 1990, deadline. It was not until December 14, 1990, that Mr. Callaghan's attorney submitted an incomplete set of tax returns. This set did not include Schedule C returns, which would specifically show the amount of income Mr. Callaghan reported as an upholsterer from 1985 to 1988.

## II. PROCEDURE

On December 27, 1990, ALJ Gramenos issued his decision denying Mr. Callaghan's claim for disability insurance benefits. The ALJ was apparently unaware Mr. Callaghan had belatedly submitted part of his tax returns. In his decision, the ALJ did not discuss the medical evidence. Instead, the ALJ concluded Mr. Callaghan had been engaged in substantial gainful activity before and after his insured status expired and therefore was not disabled.

Mr. Callaghan wrote to the Appeals Council of the Social Security Administration on February 16, 1991, requesting the Council review the ALJ's decision. In addition to the materials which the ALJ considered, the Council also had copies of Mr. Callaghan's tax returns for 1983 to 1988, excluding the Schedule Cs. On November 21, 1991, the Council denied Mr. Callaghan's request, concluding there were no grounds for reviewing the ALJ's decision. The Council noted that the tax returns showed Mr. Callaghan lost money, but said this additional evidence did not warrant revisiting the ALJ's decision: "As noted by the Administrative Law Judge ... 'work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized.'" Admin.R. at 4.

After losing at the administrative level, Mr. Callaghan filed a complaint against the Secretary of Health and Human Services in federal district court on January 10, 1992. Mr. Callaghan alleged the Secretary's denial of disability benefits was not supported by substantial evidence and was contrary to law and regulation. On April 20, 1992, Mr. Callaghan filed a motion for summary judgment. One month later the Secretary did the same.

On June 5, 1992, the district court granted summary judgment for the Secretary. Judge Conlon concluded substantial evidence supported the ALJ's conclusion that Mr. Callaghan had engaged in substantial gainful activity at the time his disability insurance coverage lapsed. Pursuant to Federal Rule of Civil Procedure 60, Mr. Callaghan filed a motion for Relief From Judgment on the grounds of newly discovered evidence. This "newly discovered" evidence was Mr. Callaghan's Schedule C returns from 1983 to 1987. Judge Conlon properly denied the motion and Mr. Callaghan does not appeal the court's decision. Mr. Callaghan does, however, appeal the grant of summary judgment.

## III. DISCUSSION

On appeal, Mr. Callaghan offers two grounds for overturning the district court's decision. First, he contends the Secretary erred in finding substantial evidence supports the conclusion that Mr. Callaghan engaged in substantial gainful activity. Second, he alleges the Secretary failed to apply the correct legal standard in determining whether a self-employed individual is performing substantial gainful activity.

## A. Standard of Review

Although Mr. Callaghan's case comes to us on appeal from the district court's grant of summary judgment, we are in essence reviewing the factual determinations made by the ALJ, findings that now stand as those of the Secretary. *Micus v. Bowen,* 979 F.2d 602, 604 (7th Cir.1992). Our review encompasses the entire record to ascertain whether the ALJ's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *Schroeter v. Sullivan,* 977 F.2d 391, 394 (7th Cir.1992). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938); *accord Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

With this standard in mind, we review the proceedings below.

## B. Substantial Gainful Activity

Both Mr. Callaghan and the Secretary agree that if Mr. Callaghan was not disabled as of December 31, 1987, he is not eligible for Social Security disability insurance benefits. *See Meredith v. Bowen,* 833 F.2d 650, 652 n. 1 (7th Cir.1987) (to receive disability insurance benefits, claimant must prove he or she was disabled on or before date insured status expired). The Plaintiff and Defendant do not agree, though, on whether Mr. Callaghan was disabled.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Secretary has the authority to define "substantial gainful activity," *id.* § 423(d)(4), and has done so at 20 C.F.R. § 404.1572 *et seq.*

According to the Secretary's regulation, substantial gainful activity is work activity that is both "substantial" and "gainful." Substantial work activity "involves doing significant physical or mental activities." *Id.*

§ 404.1572(a). Gainful work activity is work for "pay or profit. Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized." *Id.* § 404.1572(b). For a self-employed individual, "[s]upervisory, managerial, advisory or other significant personal services" he or she performs may show that individual is "able to do substantial gainful activity." *Id.* § 404.1573(d).

Based on these regulations and the evidence before him, the ALJ concluded Mr. Callaghan had engaged in work activity that was both substantial and gainful. Regarding the "substantial" aspect, the ALJ referred to Mr. Callaghan's Vocational Report, a document Mr. Callaghan had filled out and submitted to the Social Security Administration. In that report, Mr. Callaghan said as an upholsterer he spent two hours a day walking, six hours a day standing, frequently bent, and also frequently lifted up to fifty pounds.

The ALJ also recognized that in testimony given at his hearing, Mr. Callaghan said he did far less than what he wrote in the Vocational Report. Mr. Callaghan stated that while the report described the labor involved in the business, it was his son who did the manual work. Mr. Callaghan said his only physical task was to hold the door for his son. He testified instead that his duties were communicating with clients, bidding on jobs, keeping records, and paying his son. In short, Mr. Callaghan administered the business.

Whether the Vocational Report or the testimony at the hearing is the accurate account of Mr. Callaghan's upholstery job, it is clear that he engaged in "substantial" work activity involving either significant physical or mental activities. *See* 20 C.F.R. § 404.-1572(a); *see also Dolbashian v. Secretary of Health & Human Servs.,* 688 F.2d 4, 6 (1st Cir.1982) (physically disabled man may engage in substantial work activity by virtue of mental activities).

Considering the second component, whether Mr. Callaghan's work was gainful, the ALJ recognized work may be gainful whether or not a profit is realized if it is the kind of work usually done for pay or profit. *See Keller v. Sullivan,* 928 F.2d 227, 232 (7th

Cir.1991); 20 C.F.R. § 404.1572(b). While Mr. Callaghan was not a successful businessman, there is no dispute that he attempted to turn a profit. That he lost money instead, in the ALJ's opinion, was irrelevant.

The ALJ therefore concluded Mr. Callaghan had engaged in substantial gainful activity and therefore was not entitled to Social Security disability insurance benefits. Based on our review of the entire record, it seems apparent that substantial evidence supports the ALJ's conclusion. Before stating this conclusively, however, we must consider Mr. Callaghan's second argument.

### C. Self–Employed Individuals

■ Mr. Callaghan alleges the ALJ failed to apply the correct regulation in determining whether he performed substantial gainful activity. Specifically, he contends the ALJ did not measure his situation by 20 C.F.R. § 404.1575, which provides evaluation guidelines for self-employed individuals. This regulation evaluates a self-employed individual's work activities based in significant part on their "value to the business." *Id.* § 404.-1575(a).

To fully develop the record, the ALJ thrice requested Mr. Callaghan submit his tax returns for the pertinent time period. The initial request focused on establishing Mr. Callaghan's insurance coverage. The ALJ's order, entered immediately after the hearing on May 3, 1990, reflected this concern. Yet the ALJ's concerns clearly changed.

In his June 11, 1990, letter to Mr. Callaghan's counsel, the ALJ identified as a "major problem" the fact that Mr. Callaghan was working during his time of alleged disability. The ALJ provided twenty-five days for submission of the tax returns. After these returns failed to arrive, the ALJ again wrote to Mr. Callaghan's counsel and Mr. Callaghan himself. This letter again made plain that the tax returns were needed in order to determine Mr. Callaghan's income and had nothing to do with determining the length of his insurance coverage. Neither Mr. Callaghan nor his attorney chose to send the tax returns to the ALJ or even ask for an extension of time.

It was only in the middle of December 1990, long after the record had been closed, that Mr. Callaghan sent the ALJ an incomplete set of tax returns. This same set of incomplete returns was also sent to the Appeals Council. It was only in the middle of July 1992, after the district court granted summary judgment for the Secretary, that Mr. Callaghan sought to introduce the complete set of tax returns pursuant to Federal Rule of Civil Procedure 60. Mr. Callaghan, furthermore, did not appeal the court's denial of his motion. *Cf. Eads v. Secretary of Health & Human Servs.*, 983 F.2d 815, 816–17 (7th Cir.1993) (discussing procedures for introducing "new" evidence in disability cases).

Without question, the ALJ provided numerous opportunities to Mr. Callaghan to provide the relevant information, information crucial to a proper analysis under the regulations defining substantial gainful activity. Mr. Callaghan cannot now complain of a truncated analysis when his failure to provide his own tax records caused the alleged deficiency. *Cf. Campbell v. Shalala*, 988 F.2d 741, 745 n. 2 (7th Cir.1993) (claimant should have introduced evidence while case was at administrative level). This is especially valid where, as here, the claimant bears the burden of proving he or she is not engaged in substantial gainful activity. *See Schroeter v. Sullivan*, 977 F.2d 391, 393 (7th Cir.1992) (claimant must prove he or she is not presently employed); *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir.1987) (noting the shifting burden of proof).

We therefore reject Mr. Callaghan's argument that the ALJ employed the wrong legal analysis; instead we hold that substantial evidence supports the ALJ's conclusion that Mr. Callaghan engaged in substantial gainful activity and therefore is not entitled to Social Security insurance disability benefits.

### IV. CONCLUSION

For the foregoing reasons, we affirm the district court's grant of summary judgment to Defendant.

AFFIRMED.