Tom KING, Appellant,

v.

Shirley S. CHATER, Appellee.

No. 95–1478.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 17, 1995.

Decided Dec. 21, 1995.

Monty L. ROTH, Appellant,

v.

HOMESTAKE MINING COMPANY
OF CALIFORNIA, Appellee.

No. 95–1703SDRC.

United States Court of Appeals,
Eighth Circuit.

Jan. 31, 1996.

On the court's own motion, the opinion filed December 20, 1995, is withdrawn and

Lionel H. Peabody, Duluth, MN, for appellant.

Kelly R. Larson, Social Security Regional Counsel, Chicago, IL, for appellee.

Before BOWMAN, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Tom King served in the military in Vietnam during 1968 and 1969, when he was 18 to 20 years old. He applied for social security disability benefits in 1991, citing post-traumatic stress disorder, heart problems, arthritis in his neck and back, and recurrent knee dislocation, with an onset date of late 1977. After a two-day hearing, an administrative law judge denied Mr. King's application for benefits, stating that Mr. King had engaged in substantial gainful activity within a year after his eligibility for such benefits ended. In 1993, Mr. King sued in federal district court in Minnesota for judicial review of that decision. See 42 U.S.C. § 405(g).

On cross-motions for summary judgment, a magistrate judge recommended that the decision of the administrative law judge be affirmed. The district court adopted that recommendation and granted summary judgment to the government in late 1994. Mr. King appeals, arguing that the job cited by the administrative law judge was an unsuccessful work attempt rather than substantial gainful activity and, thus, does not preclude an award of disability benefits. We affirm the judgment of the district court.[1]

## I.

In order for Mr. King to receive disability benefits, he must have become disabled while he was insured for such benefits under federal law. See 42 U.S.C. § 423(a)(1). For reasons we need not explore here, Mr. King was insured for disability benefits only through March, 1984. "Disability" under the law means the "inability to engage in any substantial gainful activity ... for a continuous period of not less than 12 months." See 42 U.S.C. § 423(d)(1)(A). If Mr. King engaged in substantial gainful activity within a year after the end of the period of his insured status, then, he is not eligible to receive disability benefits.

Mr. King worked as a forestry research technician for a university from April through October, 1984. During that time, he earned a total of $5,642, or an average of $806 per month (all figures are rounded off). By statute and under applicable government regulations, average earnings in 1984 of more

---

1. The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Raymond L. Erickson, United States Magistrate Judge for the District of Minnesota. See 28 U.S.C. § 636(b)(1)(B).

than $300 per month (in the months worked) require a finding of substantial gainful activity and, thus, no disability. *See* 42 U.S.C. § 423(d)(4)(A) and 20 C.F.R. § 404.1574(a)(1), § 404.1574(b)(1), § 404.1574(b)(2)(vi). Using those facts, and the date that Mr. King's insured status ended, the administrative law judge held that Mr. King was not entitled to disability benefits.

Mr. King argues that under a ruling of the Social Security Administration, his 1984 job should be considered an unsuccessful work attempt rather than substantial gainful activity. *See* SSR 84–25, 1984 WL 49799. Work that lasts for over six months can never be considered an unsuccessful work attempt. *Id.* Work that lasts between three and six months may be an unsuccessful work attempt only if the work ended "due to the impairment [of the claimant] or to the removal of special conditions ... related to the impairment." *Id.*

■ We need not determine the actual duration of Mr. King's 1984 job (which he alleges lasted less than six calendar months), since there is substantial evidence in the record to support the conclusion that that job ended not for reasons related to disability on Mr. King's part but, instead, because of the expiration of the research contract under which it was performed. Indeed, Mr. King himself testified at the hearing before the administrative law judge that the 1984 job "ended that summer." Mr. King's supervisor for that job also wrote in a letter that the job was "field work" on a research project for two summers—"mid-June to mid-September of each year" (the supervisor refers, in addition, to "the 1984 field season").

Nor do we see any basis for Mr. King's contention that his supervisor made such concessions to Mr. King's difficulties that the 1984 job amounted to "subsidized" or "sheltered" employment for which part of his wages may be disregarded in determining average monthly earnings. *See* 20 C.F.R. § 404.1574(a)(2), § 404.1574(a)(3), and SSR 83–33, 1983 WL 31255. In our view, therefore, substantial evidence exists in the record as a whole to support the administrative law judge's conclusions that none of the exceptions applies to reduce the amount of Mr. King's wages to be considered "earnings" and, accordingly, that Mr. King engaged in substantial gainful activity that precludes an award of disability benefits to him.

## II.

■ The relevant regulations state that if a person "[is] doing substantial gainful activity," the person is not eligible for disability benefits. *See* 20 C.F.R. § 404.1520(a); *see also* 20 C.F.R. § 404.1520(b). The regulations also state that if a person "[is] not doing substantial gainful activity," consideration must be given to the effect and severity of the person's physical or mental impairments and the person's residual functional capacity, past work, age, education, and work experience. *See* 20 C.F.R. § 404.1520(a); *see also* 20 C.F.R. § 404.1520(c), § 404.1520(e), § 404.1520(f). Mr. King asserts that since he was not engaging in substantial gainful activity when he applied for disability benefits, it was improper for the administrative law judge to disregard his medical and vocational history in determining his eligibility for those benefits. He relies, in addition, on a ruling of the Social Security Administration defining how those regulations are to be interpreted. *See* SSR 86–8, 1986 WL 68636.

Language in that very ruling, however, defeats Mr. King's argument. The section related to substantial gainful activity states that when "an individual is actually engaging in substantial gainful activity *or did so during any pertinent period,* ... a finding shall be made *without consideration* of either medical or vocational factors that the individual is not under a disability." *Id.* (emphasis supplied).

The 12 months after the end of Mr. King's period of insured status is a pertinent period in his case. *See* 42 U.S.C. § 423(a)(1), § 423(d)(1)(A); *Orrick v. Sullivan,* 966 F.2d 368, 370 (8th Cir.1992) (*per curiam*); and *Nettles v. Sullivan,* 956 F.2d 820, 823–24 (8th Cir.1992). The administrative law judge was therefore correct in disregarding Mr. King's medical and vocational history.

## III.

For the reasons stated, we affirm the judgment of the district court.