76 F.3d 246
 50 Soc.Sec.Rep.Ser. 129, Unempl.Ins.Rep. (CCH) P 15087B,
96 Cal. Daily Op. Serv. 943,
96 Daily Journal D.A.R. 1490
Donel BYINGTON, Plaintiff-Appellee-Cross-Appellant,
v.
Shirley S. CHATER,* Commissioner, Social
Security Administration,
Defendant-Appellant-Cross-Appellee.
 Nos. 94-35531, 94-35546.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Sept. 14, 1995.
Memorandum Decided Oct. 24, 1995.
Order and Opinion Filed Feb. 9, 1996.
 
 Kenneth Isserlis, Spokane, Washington, for plaintiff-appellee-cross-appellant.
 Richard H. Wetmore, Department of Health and Human Services, Seattle, Washington, for defendant-appellant-cross-appellee.
 Before: ALARCON and CANBY, Circuit Judges, and FITZGERALD,** District Judge.
 ORDER
 The memorandum disposition filed October 24, 1995, is redesignated as an authored opinion.
 OPINION
 FITZGERALD, District Judge:
 The Secretary of Health and Human Services appeals the district court's grant of summary judgment for Donel Byington reversing the final decision of the Secretary denying Byington's application for Social Security disability benefits. Byington cross-appeals the district court's determination that he was engaged in substantial gainful activity in 1992 and seeks attorneys fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, and 42 U.S.C. § 406. The district court had jurisdiction pursuant to 42 U.S.C. § 405(g). This court has jurisdiction under 28 U.S.C. § 1291.
 BACKGROUND
 Donel Byington was born March 8, 1936, and has a GED certificate. Byington worked as an ironworker from 1959 to 1985. After 1985 Byington's income was derived from a variety of sources including: horse raising, welding jobs, an automobile repair business, and as a school bus driver.
 Byington claims he became disabled on November 30, 1985, from a combination of emphysema or chronic obstructive pulmonary disease, a hearing impairment, and arthritis in his right knee. Byington filed an application for disability benefits on March 5, 1991, which was initially denied by the Secretary who refused reconsideration. Byington appealed the Secretary's decision to an Administrative Law Judge ("ALJ") who, after a hearing, did not reach consideration of these medical impairments. Rather, the ALJ found that Byington had been engaged in a substantial gainful activity and was therefore ineligible for benefits.
 Both parties in this dispute stipulated that the matter could be heard by a magistrate judge acting on behalf of the district court. In granting summary judgment, the district court determined it was not necessary to consider the period prior to March 1990. The court also determined that Byington's insured status should extend beyond December 1991. Finally, the court concluded that Byington did not engage in substantial gainful activity in 1990 and 1991, but did so in 1992. The Secretary appeals from the order granting summary judgment while Byington cross-appeals the finding that he was engaged in substantial gainful activity in 1992.
 We reverse the judgment of the district court and uphold the decision of the Secretary. We reject the claimant's cross-appeal.
 STANDARD OF REVIEW
 We review de novo a final order of the district court concerning a denial or grant of benefits. Byrnes v. Shalala, 60 F.3d 639, 641 (9th Cir.1995). A decision by the Secretary must be affirmed if it is supported by substantial evidence and the Secretary applied the correct legal standards. Travers v. Shalala, 20 F.3d 993, 996 (9th Cir.1994). Substantial evidence, upon consideration of the entire record, is relevant evidence which a reasonable person might accept as adequate to support a conclusion. Travers, 20 F.3d at 996.
 I.
 In determining whether a claimant is disabled, the Secretary follows a five-step sequential evaluation process. 42 U.S.C. § 1382(a)(3); 20 C.F.R. § 416.920 (1993). First, the Secretary must determine whether the claimant is performing substantial gainful activity; if so, the claimant will be found not disabled "regardless of [his] medical condition or [his] age, education, and work experience." See 20 C.F.R. §§ 416.920(a) & (b) (1993). Here, the Secretary and the ALJ found that Byington was engaged in substantial gainful activity and therefore did not complete the five-step evaluation process.
 Byington was engaged in raising and selling registered quarter horses from 1979 to 1987. He was a self-employed welder doing business as "M & M Welding and Rentals" from 1985 to early 1989, and the proprietor of an automobile mechanic business from March 1989 to August 1990. The ALJ found that Byington's efforts in these self-employment ventures demonstrated the ability to engage in substantial gainful activity.
 The Act grants to the Secretary the authority to determine when labor performed or earnings derived from labor constitute the ability to engage in substantial gainful activity. 42 U.S.C. § 423(d)(4). On the basis of this authority, the Secretary has promulgated regulations defining substantial gainful activity and setting forth the factors to be considered in determining whether substantial gainful activity has been performed.
 "Substantial gainful activity" is: ... work activity that "involves doing significant physical or mental activities" on a full or part-time basis, and is the "kind of work usually done for pay or profit, whether or not a profit is realized." 20 C.F.R. §§ 416.972(a) & (b).
 Corrao v. Shalala, 20 F.3d 943, 947 (9th Cir.1994).
 The evaluation guidelines for the self-employed are found at 20 C.F.R. § 404.1575 (1993). That section states in part that, "We will not consider your income alone since the amount of income you actually receive may depend upon a number of different factors ..." 20 C.F.R. § 404.1575(a). The regulation further describes the factors considered in determining whether substantial gainful activity has been performed:
 (1) Your work activity, in term of factors such as hours, skills, energy output, efficiency, duties, and responsibilities, is comparable to that of unimpaired individuals in your community who are in the same or similar businesses as their means of livelihood;(2) Your work activity, although not comparable to that of unimpaired individuals, is clearly worth the amount shown in § 404.1574(b)(2) when considered in terms of its value to the business, or when compared to the salary that an owner would pay to an employee to do the work you are doing; or
 (3) You render services that are significant to the operation of the business and receive a substantial income from the business.
 Id. "Significant services" includes any services if the business is operated only by the claimant, and also includes management services if the claimant performs more than one-half of the management services or more than 45 hours of management a month. 20 C.F.R. § 404.1575(b)(1). "Substantial income" may be less than the amounts described in the regulations if the livelihood obtained from the business is comparable to what it was before the impairment or is comparable to that of an unimpaired self-employed person in the same or similar business. 20 C.F.R. § 404.1575(c). "Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized." 20 C.F.R. § 404.1572(b).
 A.
 Here, the ALJ noted that Byington was a self-employed welder from 1985 to March 1989; an owner/operator of an auto shop from March 1989 to August 1990; a breeder of quarter horses from 1979 to 1987; and a school bus driver since September 1988. The ALJ concluded that because Byington was a self-employed worker, earnings were not determinative of the issue of substantial gainful activity. Rather, in light of Byington's hours, skills, energy output, efficiency, duties and responsibilities, Byington was engaged in substantial gainful activity and, therefore, not under a "disability" as defined in the Act.
 Byington testified before the ALJ that he worked in the auto shop ten hours a day, five to six days a week. This business began as a partnership, but in November 1989 Byington's partner left leaving Byington with all the management responsibilities. Byington testified he performed work orders and an occasional grease job. He later testified that he worked at his own pace, sat in the lounge area, and went to the coffee shop. When Byington raised quarter horses, that activity required four to five hours of labor every day. Byington testified his welding business consisted mainly of odd jobs and there is no indication he had any assistance. The ALJ's finding that Byington was engaged in substantial gainful activity as a self-employed shop owner appears to be supported by substantial evidence. The court noted, however, that because his 1990 income tax returns indicated a net loss, this work did not constitute substantial gainful activity in 1990. The district court also noted that Byington reported $1,281.58 income from the Kettle Falls School District working seven months as a substitute bus driver. The court correctly noted that employees whose earnings average less than $300 per month are presumed not to have engaged in substantial gainful activity. 20 C.F.R. § 404.1574(b)(3)(vii).
 The Secretary relies upon Callaghan v. Shalala, 992 F.2d 692 (7th Cir.1993), for the proposition that Byington, while economically unsuccessfully self-employed, did considerable work and was therefore engaged in substantial gainful activity. Callaghan was a construction worker who experienced a severe back injury requiring him to leave the construction industry in 1983. Callaghan subsequently owned and operated a sandwich shop and an upholstery business, neither of which was financially successful. The court found that Callaghan's activity in these ventures was significant and was therefore gainful because "... he attempted to turn a profit. That he lost money instead, in the ALJ's opinion, was irrelevant". Callaghan 992 F.2d at 696. The court then found substantial evidence to support the ALJ's finding.
 Here, the district court did not correctly apply the regulations governing the self-employed seeking benefits. By the numbers of hours worked, the duties Byington performed, and his level of responsibility, the ALJ was correct in finding that Byington's auto shop activities amounted to substantial gainful activity for 1990. Byington's self-employed earnings are a factor in a determination of whether his work amounted to substantial gainful activity, but as the regulations make clear, are not determinative. See 20 C.F.R. § 404.1575(a).
 B.
 In 1991 Byington earned $4,410.15 as a school bus driver. Generally, earnings of less than $300 a month are presumptively not substantial gainful activity while earnings of more than $500 a month are presumptively substantial gainful activity. 20 C.F.R. § 40.1574(b)(2)(vii) & (3)(vii). Because Byington's earnings are $367.50 a month, the provisions of 20 C.F.R. § 404.1574(b)(6) must be applied. Under these provisions other information will be considered to determine whether substantial gainful activity was performed. One consideration is:
 Your work is comparable to that of unimpaired people in your community who are doing the same or similar occupations as their means of livelihood, taking into account the time, energy, skill, and responsibility involved in the work ...
 20 C.F.R. § 404.1574(b)(6)(i). Byington worked as a substitute school bus driver from January to October 1991 and became a permanent driver in November 1991. There is no indication that he was given any special consideration in performing his job. There is no indication that he was not required to perform the same job functions as any other driver. There is his testimony that he took longer to accomplish some tasks such as installing chains on the bus tires, but this did not preclude his promotion to permanent driver. As the district court stated "the record indicates [Byington] was hired as a substitute driver and then assigned to a permanent position, an inference that his job performance was satisfactory."
 Byington worked seven months in 1990 as a substitute bus driver and ten months in 1991. If a substitute was not needed on a particular day, Byington did not work. But, Byington's low earnings as a substitute do not indicate that he was unable to work. The Secretary cites Wright v. Sullivan, 900 F.2d 675 (3rd Cir.1990), a case in which an on-call rape counselor's part time work was considered substantial gainful activity. The Third Circuit relied upon 20 C.F.R. § 404.1572(a) (1989), which provided that "... work may be substantial even if it is done on a part-time basis ..." Wright, 900 F.2d at 678. Given the factors for income earners between $300 and $500 and the fact that Byington's income was lessened due to the on-call nature of being as substitute school bus driver, Byington was able to work and therefore should be considered engaged in substantial gainful activity in 1991. The district court erroneously concluded that "[a]fter 1990, the regulations required that if earnings averaged less than $500 per month [substantial gainful activity] was not established." The district court cited 20 C.F.R. § 404.1574(b)(2)(vi) & (vii) without consideration of the provisions in 20 C.F.R. § 404.1574(b)(6), which require analysis of a claimant's ability to work for earnings that fall between $300 and $500 a month. For these reasons we reverse the district court's grant of summary judgment finding that Byington was not engaged in substantial gainful activity in 1990 and 1991.
 Byington contends that the ALJ gave only a cursory explanation of the factors and rationale employed in finding that his work effort constituted substantial gainful activity. The ALJ found:
 Here, after careful consideration of all evidence submitted relating to the claimant's work activity, the undersigned is persuaded that in terms of factors such as hours, skills, energy output, efficiency, duties, and responsibilities, the claimant's work activity is comparable to that of an individual who performs the same or similar business activities in the claimant's community.
 The ALJ also noted that in his application Byington failed to mention all but his bus driving work activity. The ALJ had previously described Byington's work activity from 1979 forward. The ALJ's findings are adequate.
 Because we find that the district court committed error and the decision of the ALJ is supported by substantial evidence, we do not consider the Secretary's other arguments on appeal.
 II.
 On cross-appeal, Byington contends that the district court erred in finding that he was engaged in substantial gainful activity in 1992. Byington worked as a permanent school bus driver in 1992. His income ranged from a low of $525.35 in August to a high of $1,025.65 in June. Thus, his monthly earnings in 1992 exceed an average of $500 a month which creates a presumption of substantial gainful activity. 20 C.F.R. § 404.1574(b)(2)(vii).
 The district court was correct in concluding that Byington did not rebut this presumption. He was promoted from being a substitute to a permanent driver in November 1991. Such a promotion indicates that Byington was able to perform his job. There is no testimony that he was given any assistance or accommodation by his employer. Byington did testify that he was slower than other drivers in completing his route, that he worried about his breathing condition if he was involved in an accident, and that he occasionally needed to stop the bus and stretch his legs by walking, but this testimony does not adequately rebut the presumption that he was engaged in substantial gainful activity in 1992. The decision of the district court is affirmed regarding Byington's activity in 1992.
 III.
 For the reasons set forth above, we reverse the decision of the district court and reinstate the Secretary's decision denying Byington's benefits on the basis that Byington was engaged in substantial gainful activity for the years relevant to this appeal. We affirm the district court's decision that Byington was engaged in substantial gainful activity in 1992.
 Byington seeks attorney's fees pursuant to 42 U.S.C. § 406(b) and the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended. Because Byington is not the prevailing party, he is not entitled to attorney's fees under these provisions.
 
 
 1
 AFFIRMED in part, REVERSED in part, and REMANDED with instructions to reinstate the decision of the Secretary.
 
 
 
 *
 Pursuant to Pub.L. No. 103-296, the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security effective March 31, 1995. In accordance with section 106(d) of Pub.L. 103-296, Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action
 
 
 **
 The Honorable James M. Fitzgerald, Senior U.S. District Judge for the District of Alaska, sitting by designation