In the

# United States Court of Appeals
## For the Seventh Circuit

No. 05-3674

TINA KANGAIL,

*Plaintiff-Appellant*,

*v.*

JO ANNE B. BARNHART,
    Commissioner of Social Security,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 04 C 2217—**Charles R. Norgle, Sr.**, *Judge*.

ARGUED JUNE 13, 2006—DECIDED JULY 14, 2006

Before POSNER, COFFEY, and RIPPLE, *Circuit Judges*.

POSNER, *Circuit Judge*. The plaintiff contests the denial of social security disability benefits that she sought because she is manic depressive ("bipolar," in the current jargon) and disabled by her mental illness from holding gainful employment. Age 36 at the time of her hearing before the administrative law judge, she had been diagnosed with bipolar disorder more than a decade earlier; a psychiatrist had noted a "severe depressive quality to her life, interrupted by manic episodes of moderate to severe intensity." She also has a history of alcohol and drug abuse (cocaine),

however, and if such abuse is the cause of her disability, she is barred by statute from obtaining benefits. 42 U.S.C. § 423(d)(2)(C); *Vester v. Barnhart*, 416 F.3d 886, 888 (8th Cir. 2005). The administrative law judge thought this was indeed the case, noting that when the plaintiff stopped abusing alcohol and drugs, in March 2000, her condition improved and she was able to work, at least when she took the medication prescribed for her mental illness.

When an applicant for disability benefits both has a potentially disabling illness and is a substance abuser, the issue for the administrative law judge is whether, were the applicant not a substance abuser, she would still be disabled. 20 C.F.R. § 404.1535(b)(1); *Brueggmann v. Barnhart*, 348 F.3d 689, 694-95 (8th Cir. 2003); *Bustamonte v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001); *Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001). If so, she is deemed disabled "independent of your drug addiction or alcoholism" and is therefore entitled to benefits. 20 C.F.R. § 404.1535(b)(2)(ii); see *Brueggmann v. Barnhart*, *supra*, 348 F.3d at 694-95. The administrative law judge inferred from the improvement in the plaintiff's condition after she got "clean" that her only problem was substance abuse, but in so concluding he rejected abundant medical testimony without giving adequate reasons for doing so; he "played doctor," as the cases say. *Clifford v. Apfel*, 227 F.3d 863, 870 (7th Cir. 2000); *Green v. Apfel,* 204 F.3d 780, 781 (7th Cir. 2000).

He thought the medical witnesses had contradicted themselves when they said the plaintiff's mental illness was severe yet observed that she was behaving pretty normally during her office visits. There was no contradiction; bipolar disorder is episodic. The judge went so far as to attribute bipolar disorder to substance abuse, although the medical

literature, while noting a positive correlation between the two conditions and speculating that alcohol may trigger bipolar symptoms, does not indicate that the disorder itself can be so caused. American Psychiatric Association, *Diagnostic and Statistical Manual of Mental Disorders* 187, 354 (4th ed. 1994); Frederick K. Goodwin & Kay Redfield Jamison, *Manic-Depressive Illness* 219-25 (1990); Willem A. Nolen *et al.*, "Correlates of 1-Year Prospective Outcome in Bipolar Disorder: Results from the Stanley Foundation Bipolar Network," 161 *Am. J. Psychiatry* 1452 (2004); Marcia L. Verduin et al., "Health Service Use Among Persons With Comorbid Bipolar and Substance Use Disorders," 56 *Psychiatric Services* 475-76 (2005).

What is clear is the reverse—that bipolar disorder can precipitate substance abuse, for example as a means by which the sufferer tries to alleviate her symptoms. Goodwin & Jamison, *supra*, at 219-25; Li-Tzy Wu et al., "Influence of Comorbid Alcohol and Psychiatric Disorders on Utilization of Mental Health Services in the National Comorbidity Survey," 156 *Am. J. Psychiatry* 1235 (1999); Edward J. Khantzian, "The Self-Medication Hypothesis of Addictive Disorders: Focus on Heroin and Cocaine Dependence," 142 *Am. J. Psychiatry* 1259, 1263 (1985). There was medical testimony that the plaintiff has "a tendency to indiscriminately use drugs and alcohol" during her manic phases, which are frequent—about monthly. But the fact that substance abuse aggravated her mental illness does not prove that the mental illness itself is not disabling. *Brown v. Apfel,* 192 F.3d 492, 499 (5th Cir. 1999); *Sousa v. Callahan*, 143 F.3d 1240, 1245 (9th Cir. 1998).

The administrative law judge attached too much weight to the plaintiff's job experiences after March 2000, when she stopped abusing drugs and alcohol. It is true that if she was

gainfully employed between then and the date of the final hearing on her application for benefits (February 2003), she is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), (b); *Jones v. Shalala*, 21 F.3d 191, 192 (7th Cir. 1994); *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005). "Gainful employment," however, does not include "unsuccessful work attempts." 20 C.F.R. § 404.1574(c); *Stevenson v. Chater*, 105 F.3d 1151, 1155 (7th Cir. 1997); *Depover v. Barnhart*; 349 F.3d 563, 566 (8th Cir. 2003); *Morales v. Apfel*, 225 F.3d 310, 319 (3d Cir. 2000). "Where it is established that the claimant can hold a job for only a short period of time, the claimant is not capable of substantial gainful activity." *Gatliff v. Commissioner of Social Security Administration*, 172 F.3d 690, 694 (9th Cir. 1999); see also *Cole ex rel. Cole v. Barnhart*, 288 F.3d 149, 152-53 (5th Cir. 2002) (per curiam); *Andler v. Chater*, 100 F.3d 1389, 1393 (8th Cir. 1996). And though a job that the applicant held for more than six months cannot be deemed an "unsuccessful work attempt," 20 C.F.R. § 404.1574(c)(5); *King v. Chater*, 72 F.3d 85, 87 (8th Cir. 1995), neither does it count as substantial gainful employment unless the applicant earned a specified minimum amount, which, so far as concerns this case, was $700 a month in 2000 and $740 a month in 2001. 20 C.F.R. § 404.1574(b)(3); *Reeder v. Apfel*, 214 F.3d 984, 989 (8th Cir. 2000); *Byington v. Chater*, 76 F.3d 246, 249 (9th Cir. 1996).

Only one of the plaintiff's jobs after March 2000—as a deli worker and cashier—lasted more than six months, in fact eight months. Although it started out as a full-time job, it soon became part time because of her mental condition, and as a result over the entire eight-month period she earned only about $9,900. That is very little, but since gainful employment is presumed if the applicant earned more than the specified monthly minimum for more than six consecutive months, 20 C.F.R. § 404.1574(b)(2); see *Miles v. Barnhart*,

374 F.3d 694, 698 (8th Cir. 2004); *Lewis v. Apfel*, 236 F.3d 503, 515 (9th Cir. 2001), the administrative law judge was entitled to count that job as gainful employment, and likewise the plaintiff's job that preceded it (as a telemarketer) because the only reason the plaintiff gave for leaving it was to get a higher-paying job. The consequence, since an applicant cannot obtain benefits for any period during which she was gainfully employed and therefore not disabled, see *Fischer-Ross v. Barnhart*, *supra*, 431 F.3d at 731; *Frost v. Barnhart*, *supra,* 314 F.3d at 365-66; *Jones v. Shalala*, *supra,* 21 F.3d at 192, is that the onset of the plaintiff's claimed disability cannot be dated earlier than when she lost the cashier job, the job she held for eight months after quitting the telemarketing job. SSR 83-20, "Program Policy Statement: Titles II and XVI: Onset of Disability" (PPS-100), 1983 WL 31249, at *2 (S.S.A. 1983); *Henderson ex rel. Henderson v. Apfel*, 179 F.3d 507, 512-13 (7th Cir. 1999); *Armstrong v. Commissioner of Social Security Administration*, 160 F.3d 587, 590 (9th Cir. 1998).

But that leaves the remainder of the three-year period during which she was not abusing alcohol or drugs. She held a total of 10 jobs during the three years, and her testimony, backed up by medical evidence, was that she left all but the first (the telemarketing job) either because of "blowing up," racing thoughts, confrontations with customers and supervisors, or other manic activity; or because of insomnia, inability to concentrate, feeling overwhelmed, or other symptoms of depression; or because of "disappearing," confusion, or other symptoms of either pole.

The administrative law judge thought the plaintiff's inability to hold a job unimportant because she could work when she took her medicine. And it is true that bipolar disorder is treatable by drugs. But mental illness in general

and bipolar disorder in particular (in part because it may require a complex drug regimen to deal with both the manic and the depressive phases of the disease, Donald M. Hilty et al., "A Review of Bipolar Disorder Among Adults," 50 *Psychiatric Services* 205-08 (1999); Mark Oflson et al., "Bipolar Depression in a Low-Income Primary Care Clinic," 162 *Am. J. Psychiatry* 2150 (2005)) may prevent the sufferer from taking her prescribed medicines or otherwise submitting to treatment. American Psychiatric Association, *Diagnostic and Statistical Manual of Mental Disorders*, *supra*, at 683; Goodwin & Jamison, *supra*, at 746-62; Annette Zygmunt, "Interventions to Improve Medication Adherence in Schizophrenia," 159 *Am. J. Psychiatry* 1653, 1662 (2002); Stephen Magura et al., "Adherence to Medication Regimens and Participation in Dual-Focus Self-Help Groups," 53 *Psychiatric Services* 310, 313 (2002). The administrative law judge did not consider this possibility.

In sum, the administrative law judge's opinion does not provide a rational basis for the denial of disability benefits to the plaintiff. The judgment is therefore vacated and the case returned to the Social Security Administration for further proceedings consistent with this opinion.

A true Copy:

      Teste:

 

                           _____
                           *Clerk of the United States Court of*
                           *Appeals for the Seventh Circuit*