NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted August 3, 2010[*]
Decided August 4, 2010

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 09-3149

| | |
|---|---|
| SHARON FRONCHECK, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 08-CV-50-DRH |
| MICHAEL J. ASTRUE, Commissioner of Social Security, *Defendant-Appellee.* | David R. Herndon, *Chief Judge*. |

**O R D E R**

Sharon Froncheck contests the denial of social security disability benefits that she sought after suffering a stroke. The Administrative Law Judge denied the application after determining that Froncheck was gainfully employed as the owner and operator of a tavern

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

during the time she claimed to be disabled.  We agree with the district court that substantial evidence supports the ALJ's denial.

According to her application for benefits, Froncheck suffered a stroke in 1998 that caused brain damage and left her unable to work.  An ALJ denied her application, concluding that she was barred by statute from obtaining benefits because her work at the tavern was both substantial and gainful within the meaning of the Social Security Act.  42 U.S.C. § 423(d)(1)(A).  The Appeals Council vacated that decision and remanded the case for further proceedings on the issue whether Froncheck was gainfully employed during her disability period.

At the supplemental hearing the ALJ focused on Froncheck's involvement with the tavern between her alleged onset date of July 2000 and the expiration of her insured status in March 2001.  Froncheck detailed her responsibilities at the tavern, most of which were managerial.  She said she made all of the hiring and firing decisions and kept the tavern's payroll.  The tavern's monthly expenses—mortgage payments, cleaning services, supplier invoices—were drawn from her personal checking account, and she authorized all payments before they were sent to suppliers.  She explained that her impairment limited the time she could spend at the tavern to three days each week, three hours each day, but that she continued to oversee the tavern's operations from home, checking in through daily phone calls, and instructing her manager to close shop during slow periods in order to save costs.  When she did not come in to balance the register herself, tavern employees would deliver cash-register receipts to her house, where she maintained business records.

From Froncheck's personal tax filings, the ALJ was able to get a rough sketch of the tavern's finances.  The tax returns show a business loss of $3,838 in 2000 based on $75,000 in gross receipts, and a loss of  $1,330 in 2001 based on nearly $84,000 in gross receipts.  In 2005 the tavern was sold for $123,000.  Froncheck testified that she limited her own income to $200 each month, but the ALJ expressed skepticism that she was disclosing proceeds from the tavern's poker machines, income from which she did not report in her tax filings.

The sole issue before the ALJ was whether Froncheck was engaged in substantial gainful activity during her disability period.  *See* 42 U.S.C. § 423(d)(1)(A); *Liskowitz v. Astrue*, 559 F.3d 736, 740 (7th Cir. 2009).  Because Froncheck was self-employed during the relevant nine-month period, the ALJ applied 20 C.F.R. § 404.1575(a)(2)(iii), which provides that the work of a self-employed claimant is substantial and gainful if "clearly" worth more than the amounts set forth in the Commissioner's earnings guidelines—here, $700 per month for 2000 and $740 per month for 2001, *Id*. § 404.1574(b)(3)— "when considered in terms of its value to the business, or when compared to the salary that an owner would pay an employee to do the [same work]."  The ALJ concluded that Froncheck's contribution to the

tavern was clearly worth more than the threshold amounts in the earnings guidelines because her services were critical to operation of the tavern. Specifically, the ALJ found that Froncheck made all essential management decisions, maintained records and receipts, and supervised the tavern both on-site and while away. The ALJ also noted that Froncheck was not candid about her activities at the tavern and appeared to be "consciously minimizing" the extent of her involvement. The ALJ's denial of benefits was affirmed by the district court.

Froncheck's primary argument on appeal is that the ALJ misapplied § 404.1575(a)(2)(iii) by failing to obtain evidence from outside the record to determine the comparable worth of her services. Without such evidence, she contends, the ALJ had no objective basis for concluding that the value of her work exceeded the threshold amounts.

For guidance on how to apply § 404.1575(a)(2)(iii), an ALJ need look no further than the Commissioner's policy statements in Social Security Ruling 83-84. That ruling makes clear that the facts of a given case control whether an ALJ must obtain evidence outside the record in determining the worth of a claimant's services. SSR 83-84, 1983 WL 31256, at *8. When there is reason to doubt that the value of the claimant's services is greater than the threshold amounts, the ALJ may need to develop the record with evidence reflecting what value a similar employer would pay for the claimant's services. *Id*. However, where the value of the claimant's work clearly exceeds the threshold amounts in the earnings guidelines, the ALJ need not obtain additional evidence. *Id*.

Froncheck's argument overlooks the ALJ's stated basis for his opinion: that Froncheck's management of the tavern was so integral to the tavern's operation as to remove any doubt that it was worth more than $700 per month in 2000 or $740 in 2001. The ALJ was not required to look outside the record for new evidence unless he had reason to doubt the value of Froncheck's work. *See* SSR 83-84, 1983 WL 31256, at *8. Froncheck fails to contest not only this aspect of the ALJ's decsion, but *any* of the findings undergirding the ALJ's conclusion that the economic value of her services clearly eclipsed the monthly threshold amounts. Having addressed only one prong of the two-prong test set out in § 404.1575(a)(2)(iii), Froncheck's appeal must fail.

We could affirm on that basis alone, but we note that substantial evidence also supports the ALJ's uncontested conclusion that Froncheck was gainfully employed during the disability period. The evidence confirms the ALJ's finding that Froncheck, apart from being the tavern's proprietor, was also its chief executive officer, charged with managing its affairs and making all top-level discretionary decisions. She kept the tavern staffed, hiring its employees, assigning their responsibilities, and paying their salaries. She kept it stocked, purchasing supplies, setting aside capital to pay distributors, and authorizing specific

payment amounts at the end of each week.  She kept it solvent, tallying receipts, monitoring cash flow, and passing along relevant records to an accountant.  When considered in light of the tavern's gross receipts during the relevant period—more than $75,000 in 2000 and nearly $84,000 in 2001—it was not unreasonable for the ALJ to conclude that Froncheck's contributions were clearly worth more than the threshold amounts.  We have upheld the denial of benefits to self-employed applicants with similar management roles.  *See Brewer v. Chater*, 103 F.3d 1384, 1391 (7th Cir. 1997) (upholding determination that part-time, self-employed owner of tax preparation and dry-cleaning businesses was engaged in substantial gainful activity), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561, 562 (7th Cir. 1999); *Callaghan v. Shalala*, 992 F.2d 692, 695-96 (7th Cir. 1993) (upholding determination that self-employed owner of upholstery business engaged in substantial gainful activity by administering the company part-time); *see also Johnson v. Sullivan*, 929 F.2d 596, 598 (11th Cir. 1991) (upholding determination that supervisory activities of self-employed land surveyor were substantial and gainful).

                                                                                                    AFFIRMED.