Paul DOLBASHIAN, Plaintiff, Appellant,

v.

SECRETARY OF HEALTH AND HU-
MAN SERVICES, Defendant,
Appellee.

No. 82–1054.

United States Court of Appeals,
First Circuit.

Argued June 9, 1982.

Decided Sept. 8, 1982.

Carol E. Najarian, Providence, R. I., with whom Abedon, Michaelson, Stanzler, Biener, Skolnik & Lipsey, Providence, R. I., was on brief, for plaintiff, appellant.

Everett C. Sammartino, Asst. U. S. Atty., Providence, R. I., with whom Lincoln C. Almond, U. S. Atty., Providence, R. I., was on brief, for defendant, appellee.

Before COFFIN, Chief Judge, ROSENN,* Senior Circuit Judge, BOWNES, Circuit Judge.

COFFIN, Chief Judge.

Appellant, Paul Dolbashian, challenges the administrative law judge's (ALJ's) finding that he is no longer entitled to disability benefits under 42 U.S.C. § 423 and that he is liable for repayment of the benefits he has received since April, 1974. The ALJ's decision, upheld by the district court, is subject to our independent review and will be sustained if its factual findings are supported by substantial evidence and are in accordance with the law. *See id.* § 405(g); *Miranda v. Secretary of Health, Education and Welfare*, 514 F.2d 996, 998 (1st Cir. 1975).

Under the Social Security Act, an individual who has disability insurance is entitled to insurance benefits if he is unable

"to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted not less than 12 months." 42 U.S.C. § 423(d).

* Of the Third Circuit, sitting by designation.

Appellee has never contested the severity of appellant's physical condition; the primary issue has been whether appellant's continued participation in his business demonstrated that he was capable of "substantial gainful activity" and therefore not eligible for benefits.

Appellant began receiving benefits in 1969 after sustaining extensive neck and back injuries.[1] The injuries prevented him from carrying on his activities as a self-employed general contractor who remodelled homes and as a retailer and installer of major household appliances. In May, 1973, he returned to his business, working three hours a day for four to five days a week, but at the end of a nine-month trial work period, he reported to the Social Security Administration that he had stopped working. He was told that his inability to work entitled him to continue to receive benefits but that he should report any return to work.

In 1976 appellant reported on his work activity since January, 1974:

"I run a retail appliance & building supply company. The business is closed to customers. There is a note on the door to call my home phone 781–5530 for appointment. I make an appointment & either my wife or son-in-law goes down to store & discusses the merchandise through a catalog. I also refer many of the people to Clarence Cavanaugh at Greenwood TV & Appliance.... I do the ordering & book-work about one hour per day depending on my physical condition. I do this work at home. I cannot hold my head down for too long. We are virtually closed & are planning to sell the bldg. & the business. Our net profit decreases every year. My son-in-law Jean Claude Boisnier lives next door & my wife do most of the work activity. Clarence Cavanaugh does most of the demonstration for me for free as we are long time friends. He will show the items at the Greenwood Co. & will either order it through me or if he has the appliance—he bills me. Clarence's son will often pick up merchandise for me.... [T]he business is based solely on my knowledge of the business as I am not physically capable of performing activity in the business."

Based upon a review of this report and a visit to the building in which appellant's business was housed, the Social Security Administration determined that appellant had not been entitled to receive benefits since the end of the trial work period and that he was liable for overpayments to himself, his son, and his wife totalling $13,012. The ALJ, after a hearing, confirmed the finding that appellant was not eligible for benefits, concluding that "the amount of time admittedly spent, the degree of skill and knowledge employed, as well as claimant's own characterization of his status" demonstrated that appellant did engage in substantial gainful activity. He found liability for the full amount of the overpayments. Appellant appeals both findings.

*Finding of substantial gainful activity*

■ At the time the ALJ made his determination about appellant's eligibility for payments, regulations provided that any work performed during that period when payments were received may demonstrate an ability to perform substantial gainful activity. 20 C.F.R. 404.1532(a). Substantial gainful activity was defined as that which involves the performance of significant physical or mental duties for profit even if no profit is realized. Performance on a part-time basis did not preclude a finding that the work was substantial. *Id.* 404.1432(b). With respect to people who are self-employed, the regulations specifically noted that:

---

1. Appellant sustained these injuries when the airplane in which he was flying hit an unexpected airpocket, causing him to be thrown out of his seat and up against the ceiling of the airplane. His neck was broken, left arm paralyzed, discs fractured, and hip sprained. Continued pain in his neck, shoulders, back, and limbs has severely limited his mobility, made it difficult for him to hold his head in a working position, and has caused him to be under continual medical attention.

"Supervisory, managerial, advisory or other significant personal services rendered by self-employed individuals demonstrate an ability to engage in substantial gainful activity." *Id.* 404.1532(f).

The degree of appellant's physical participation in the business is extremely limited. The substantiality of his contribution consequently must be founded, if at all, on his mental activity, which can be measured for its importance to the continuing operation of the business. Although the record contains contradictions about the extent to which appellant has actually placed orders himself,[2] appellant's own descriptions of his tasks support a conclusion that his mental activities have been pivotal to the business. In the work activity report that spurred the Administration's investigation of his disability status, appellant wrote:

> "[T]he business is based solely on my knowledge of the business as I am not physically capable of performing activity in the business. People are referred to me through word of mouth—they call me, ask my advice, etc. and I order the material they require right from my home. Occasionally, I may go to their home & look at the layout of a kitchen & advise them."

Subsequently he stated that "My mental ability and knowledge of the business is valuable to the business—however my physical condition prevents active participation."

We think these statements are sufficient to provide the substantial evidence necessary to support a finding of substantial activity. Appellant's activities may have been restricted in large part to the telephone and very limited in time, but his knowledge of appliances and his ability to advise have contributed in an important way to the operation of the business. The regulations specifically recognized that the services performed by a self-employed indi-

vidual may be more intangible in nature, and it is those intangible contributions that we find persuasive.

We cannot say that there was insufficient support for the finding that appellant's activity was gainful. Income tax returns show that appellant reported a profit from his business for 1971, 1973, 1974 and 1975 and reported a small loss for 1976.[3] Although his profit was not significant and may be attributable in part to the gratuitous assistance he received from others, this does not prevent a finding that the activity was gainful and that profit resulted in part from his efforts.

In holding that the ALJ's conclusion on the disability issue is supported by substantial evidence, we add a caveat. We have been able to conclude that appellant was performing substantial gainful activity only because of the peculiar circumstances under which he performed: He was fortunate to have a pre-existing business and to be in the unusual position, due to the presence of other people who could help, of being able to keep the business going with a minimum of physical effort. Were he not in business for himself and able to accommodate his business to his physical condition, he might be deemed incapable of performing substantial gainful activity. Consequently, if appellant's circumstances should change so he is no longer operating his business, eligibility for disability payments might be restored.

*Liability for overpayment*

■ The regulations that the ALJ applied to appellant state that an individual is not liable for overpayments if he is without fault and adjustment or recovery would either defeat the purpose of the act or be against equity and good conscience. 20 C.F.R. 404.506. The ALJ concluded that a finding of fault followed automatically from the conclusion that appellant was per-

---

**2.** At the hearing before the ALJ appellant testified that Cavanaugh ordered most of the goods, and in the record is his statement that he did none of the ordering himself. To the contrary, however, is his first work activity report in which he wrote that he did spend time ordering. We cannot fault the ALJ for accepting

appellant's statement in the work activity report.

**3.** Appellant's income tax returns also reflect the purchase in 1971 of the building that housed his business.

forming substantial gainful activity and made unsupported findings that reimbursement would not be against equity and good conscience and would not defeat the purpose of the act.

We cannot agree that a finding of fault can be made without further examination of the circumstances. The conclusion that someone is performing substantial gainful activity does not necessarily mean that the individual was at fault for receiving the payments for which he was not eligible. The regulations specify that whether someone is at fault depends upon the particular circumstances—circumstances the ALJ did not examine. For example, liability may depend on whether the individual failed to provide information that he knew or should have known to be material. *See id.* 404.507. The ALJ should have determined whether appellant's return to work for one to two hours per day after the end of the trial work period constituted a return to work that he knew or should have known to be material information. If appellant was performing substantially the same activities that he performed during the trial period, he perhaps should have known, depending on "pertinent circumstances", that a description of those activities was material to the continued receipt of benefits. And a statement that he had ceased such activities when in fact he had not, might constitute "[a]n incorrect statement ... which he knew or should have known to be incorrect." *Id.* 404.507(a). On the other hand, if the activities engaged in after the trial period were substantially fewer and of less importance than the earlier activities, it might be properly found that he should not have known this to be material information. The ALJ should have also assessed whether, by supplying income tax returns that noted his income from the business, appellant provided the necessary material information.

Because determinations such as these involve questions of fact that this court cannot and should not assess in the first instance, we remand for further consideration of the issue of fault. *See Small v. Califano,* 565 F.2d 797, 801 (1st Cir. 1977); *Torres v. Secretary of Health, Education and Welfare,* 475 F.2d 466, 469 (1st Cir. 1973). Although the ALJ concluded previously that reimbursement would not defeat the purpose of the act or be against equity and good conscience, he should reconsider these issues on remand if he finds that appellant was not at fault.

*The judgment of the district court is affirmed in part and vacated in part and is remanded to the district court for entry of an order remanding to the Secretary for further proceedings in accordance with this opinion.*