Harold R. JOHNSON,
Plaintiff–Appellant,

v.

Louis W. SULLIVAN, M.D., Secretary
of Health and Human Services,
Defendant–Appellee.

No. 90–8213.

United States Court of Appeals,
Eleventh Circuit.

March 12, 1991.

Dwight T. Feemster, Savannah, Ga., for plaintiff-appellant.

Henry L. Whisenhunt, Jr., Asst. U.S. Atty., Augusta, Ga., Melinda V. Spratt, Asst. Regional Counsel, Dept. of Health and Human Services, Mary Ann Sloan, Haila Naomi Kleinman, Mack A. Davis, Bruce R. Granger, Office of General Counsel, Atlanta, Ga., for defendant-appellee.

Before KRAVITCH and COX, Circuit Judges, and RONEY, Senior Circuit Judge.

PER CURIAM:

This case presents an unusual situation. The Social Security Administration found Harold R. Johnson disabled in 1981, and paid him Social Security disability benefits. Thereafter, the Secretary terminated his

benefits, not because his physical condition had improved, but because he was found to be engaged in "substantial gainful activity". There is little dispute as to the type of activity in which Johnson was involved. The only issue before this Court is whether the district court correctly affirmed the Secretary's decision that Johnson's activity amounted to "substantial gainful activity" under the Social Security Act. Our decision to affirm is based to a large extent on the findings and the reasoning of the Administrative Law Judge.

Certain dates are critical to understanding the precise decision for review. Claimant was found to be eligible for disability benefits commencing November 26, 1981. The claimant's impairment has continued since that time. Under the regulations, a disabled claimant is entitled to a nine-month "trial work period" during which he can engage in substantial gainful activity and continue to receive disability benefits. 20 C.F.R. § 404.1592. A claimant who demonstrates an ability to remain gainfully employed during this period will, thereafter, lose his entitlement. Following the trial work period, however, there is a "reentitlement period" during which, if the substantial gainful activity ceases, benefits will be reinstated without reapplication. 20 C.F.R. § 404.1592a.

All parties agree that Johnson's trial work period ended February 1983. Although the Administrative Law Judge found that claimant had been engaged in substantial gainful activity during the subsequent reentitlement period, the decision that is challenged on this appeal, he held that this activity ceased at the end of 1985. The Appeals Council, however, did not review whether or not claimant continued his substantial employment activity because it decided that the reentitlement period had ended 15 months after the trial work period in April of 1984. It noted that the ALJ had incorrectly applied a recent amendment which extended the reentitlement period from 15 to 36 months. Over the shorter period, the Council agreed with the ALJ's conclusion that the claimant had engaged in substantial gainful activity throughout this time. The claimant does not challenge the Appeals Council's decision on the length of the period of reentitlement, or that claimant would have to reapply to get benefits if indeed he was engaged in substantial gainful activity through April 1984.

Thus, the decision for review by this Court is whether the Secretary has properly held that claimant was engaged in substantial gainful activity between February 1983, the end of the trial work period, and April 1984, the end of the 15–month reentitlement period.

On November 26, 1981, Johnson had his right leg amputated above the knee due to peripheral occlusive vascular disease. There is no question but that claimant's impairments have increased since then, but the extent of any impairment now is not relevant to the consideration of the claimant's substantial gainful activity through April 1984.

Prior to his disability, the claimant was a registered land surveyor and ran his own surveying company. After his leg amputation and because of his deteriorating vascular condition, he was no longer capable of performing the field work necessary to run the business. Instead his wife and son assumed many of the duties that he would otherwise have performed while claimant was relegated to drawing maps and signing plats made by his son. According to claimant, his company was forced to subcontract out many jobs that required a surveyor's presence in the field.

The regulations define "substantial gainful activity" as work that involves significant mental and physical activities and that is the kind of work that is usually done for pay or profit. 20 C.F.R. § 404.1572. Among the factors to be considered are the time spent in the work; quality of the performance; whether the worker is self-employed; the need for special conditions or supervision; use of experience, skills and responsibilities; and whether the worker contributes substantially to the operation of the business. 20 C.F.R. § 404.1573. Self-employment is evaluated differently from other forms of employment in that income is less reliable as an indicator of the

substantial nature of the work. The Secretary considers the nature of the activities and their value to the business in relation to the actual income. 20 C.F.R. § 404.1575

■ Earnings reported on income tax returns raise a presumption that the taxpayer was gainfully employed, but the presumption is rebuttable. *Milton v. Schweiker*, 669 F.2d 554, 556 (8th Cir.1982). The plaintiff sought to rebut the presumption created by this evidence by showing: (1) his income was profit earned by the business known as Johnson Land Surveying; (2) the income was mainly attributable to the efforts of his wife and son; (3) plaintiff, while having some participation in the business, did not earn nor contribute to the majority of the earnings in those years.

■ In our view, the ALJ's findings on pages 4 and 5 of his report are supported by substantial evidence. The ALJ concluded that the claimant had not rebutted the presumption created by the level of his income. During the years 1983 and 1984, Johnson's monthly income was $800 and $849, respectively. These figures are well over the $300 per month limit which creates the presumption of a substantial gainful activity under the regulations. 20 C.F.R. § 404:1574. The ALJ also noted that claimant's services were absolutely essential to the business. Without the signature of a licensed land surveyor, plats could not be legally certified and the business literally could not continue. The significance of the activity to the business is one of the factors to be evaluated under the regulations. 20 C.F.R. § 404.1575(a)(3). Although claimant contends that the income from his business is attributable to the efforts of his son and wife, claimant testified that his son and others who assisted in conducting fieldwork were separately compensated. The residual profit, therefore, is properly attributed to claimant's services.

Plaintiff argues that the case of *Dolbashian v. Secretary of Health & Human Services*, 688 F.2d 4 (1st Cir.1982), relied upon by the magistrate in reviewing these findings, is inapposite. There the claimant ran a retail appliance and building supply company. Due to his disabilities the business was closed, but customers would call his home and, after his wife or son discussed the merchandise with the customer, the claimant would order the merchandise and perform bookkeeping service for about an hour a day. The claimant stated that the business was based on his knowledge of the business. Thus the mental contribution of the disabled individual was the key to the success of the business.

Similarly in this case, although physical activity is necessary in order to perform surveys, Johnson's experience, license, and mental contribution to the business were substantial. Although his signature on the maps took little physical activity, they were the key to the business being able to serve its customers. Claimant's credentials as a licensed surveyor were required by law for the operation of the company and thus his presence was essential to the business. If the income received is an accurate representation of the value of a claimant's services, then the self-employed claimant is properly considered substantially employed, even though the contribution of services is not the same as that of an unimpaired person. 20 C.F.R. § 404.1575(a)(2).

Self-employed individuals present difficult questions concerning the level and importance of their contribution. Those who might not otherwise be employable in the private sector are often able to work around their disabilities when self-employed. As the court noted, in *Dolbashian:*

> He was fortunate to have a pre-existing business and to be in the unusual position, due to the presence of other people who could help, of being able to keep the business going with a minimum of physical effort. Were he not in business for himself and able to accommodate his business to his physical condition, he might be deemed incapable of performing substantial gainful activity.

*Dolbashian*, 688 F.2d at 6.

There seems to be little doubt that claimant is not now engaged in substantial gainful activity. It could well be that this condition has been continuous since Janu-

ary 1986 when the Administrative Law Judge made that determination. That decision has never been presented to the Appeals Council for review and is not before this Court. As the Secretary points out, substantial gainful activity bars benefits only for the period of activity. *Powell o/b/o Powell v. Heckler,* 773 F.2d 1572, 1576 (11th Cir.1985); *Dolbashian,* 688 F.2d at 6. The extended period having expired while the plaintiff was engaged in such activity, a new application would need to be filed. The Appeals Council said that over two years ago: "In the event that the claimant is no longer engaging in substantial gainful activity, he may wish to file a new application and submit further evidence in support of his claim." The Secretary repeats the advice in the closing passages of his brief on this appeal: "The proper procedure if claimant is no longer engaging in substantial gainful activity is to file a new application, *as both parties agree he continues to be disabled under the Act.*" (Emphasis added).

AFFIRMED.

Before JOHNSON and CLARK, Circuit Judges, and BROWN *, Senior District Judge.