Marlene P. PICKNER, Appellant,

v.

Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Appellee.

No. 92–1279.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 11, 1992.

Decided Feb. 1, 1993.

Rehearing Denied March 4, 1993.

**402**

James D. Leach, Rapid City, SD, argued, for appellant.

Carol S. Prescott, Denver, CO, argued (Robert A. Mandel, Asst. U.S. Atty., Rapid City, SD, on the brief), for appellee.

* The Honorable Daniel M. Friedman, Senior United States Circuit Judge for the Federal Circuit, sitting by designation.

Before McMILLIAN, Circuit Judge, FRIEDMAN,* Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

McMILLIAN, Circuit Judge.

Marlene P. Pickner appeals from a final order entered in the District Court[1] for the District of South Dakota granting summary judgment in favor of the Secretary of the Department of Health and Human Services. The district court found that substantial evidence in the record as a whole supported the Secretary's decision that appellant was not disabled and was therefore not entitled to disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–433. For reversal, appellant argues the Secretary erroneously found that her former jobs could be considered past relevant work, failed to consider the combined effect of all of her impairments and improperly evaluated her complaints of pain, fatigue and mental impairments. For the reasons discussed below, we affirm.

Appellant, age 56 at the time of the administrative proceeding, completed the tenth grade of high school, later received a GED, and has worked as a secretary/bookkeeper and apartment manager. Appellant alleged she suffered from disabling mental, neck, arm, and back disorders, as well as pain and fatigue. Her application was administratively denied, and she requested a hearing. After a hearing, Administrative Law Judge (ALJ) Virgil E. Vail determined that appellant was not disabled because her impairments did not prevent her from performing her past relevant work. The Appeals Council adopted the ALJ's determination, making it the Secretary's final decision. Appellant then sought judicial review. The district court, after briefing by the parties, granted the Secretary's motion for summary judgment, finding that substantial evidence in the record as a whole supported the Secretary's decision that appellant was not disabled because she could perform her past relevant work as a secre-

1. The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

tary/bookkeeper and apartment manager. *Pickner v. Sullivan,* No. CIV 91–5079, slip op. at 7–8 (D.S.D. Jan. 28, 1992) (memorandum opinion and order). This appeal followed.

■ The claimant bears the initial burden of proving a medically determinable impairment or impairments which precluded the performance of her past relevant work. 42 U.S.C. § 423(d)(1); *Johnson v. Califano,* 572 F.2d 186, 197 (8th Cir.1978). Only after the claimant establishes that a disability precludes performance of past relevant work will the burden shift to the Secretary to prove that the claimant can perform work. *Edwards v. Secretary of Health & Human Services,* 809 F.2d 506, 508 (8th Cir.1987). In the present case, because appellant's impairments were severe but did not meet or equal those set forth in the Listing of Impairments, the Secretary assessed appellant's residual functional capacity and compared that with the actual physical and mental demands of her past relevant work as a secretary/bookkeeper and apartment manager. The Secretary concluded that appellant was not disabled because she was able to perform her past relevant work. *E.g., Nimick v. Secretary of Health & Human Services,* 887 F.2d 864, 866 (8th Cir.1989).

"Our task on review is to determine whether substantial evidence in the record as a whole supports the Secretary's denial of benefits to [appellant]." *Kirby v. Sullivan,* 923 F.2d 1323, 1326 (8th Cir.1991).

■ Appellant first argues the Secretary erroneously found that her former jobs could be considered past relevant work under 20 C.F.R. § 404.1565(a). Appellant claims that her earnings from her past positions were minimal and should not qualify as "substantial gainful activity" under 20 C.F.R. § 404.1572. We disagree. It is true that appellant's earnings from her secretarial/bookkeeper job and her apartment manager job were, for the most part, below the earnings guidelines set forth in 20 C.F.R. § 404.1574(b)(3). Contrary to appellant's argument, however, earnings below the guidelines are not inconsistent with substantial gainful activity as a matter of law. Although earnings below the guidelines will "ordinarily" show that an employee has not engaged in substantial gainful activity, earnings below the guidelines will not conclusively show that an employee has not engaged in substantial gainful activity. *See* 20 C.F.R. § 404.1574(a)(1).

Appellant's work as a secretary/bookkeeper and as an apartment manager was "substantial" because it involved doing significant physical and mental activities. Appellant's low earnings were in part due to the fact that she was either self-employed or worked only part-time. However, work that is done on a part-time basis may be considered substantial. 20 C.F.R. § 404.-1572(a). In addition, her work as a secretary/bookkeeper and an apartment manager was "gainful" because, as noted by the district court, it is the kind of work usually done for pay or profit, even though her earnings were minimal. Work activity may be considered gainful whether or not a profit is realized. 20 C.F.R. § 404.1572(b).

■ Appellant also claims her secretarial/bookkeeping work experience in 1974 should not be considered "past relevant work" under 20 C.F.R. § 404.1565(a) because it occurred 15 years or more prior to the adjudication of her claim in 1990 as well as the expiration of her insured status on December 31, 1989. She argues her 1974 work experience was too remote to be considered in 1989 or 1990. We disagree.

Work performed more than 15 years prior to the time of adjudication of the claim or the expiration of insured status, if earlier, is "ordinarily" not considered relevant because of the gradual change in job skills over time. 20 C.F.R. § 404.1565(a). However, work performed prior to the 15–year period "may be considered as relevant when a continuity of skills, knowledge, and processes can be established between such work and the [claimant's] more recent occupations." Soc.Sec.Rul. 82–62, at 401 (effective Aug. 20, 1980). In the present case, the Secretary properly considered appellant's 1974 secretarial/bookkeeper work experience as past relevant work because there was a continuity in job skills between that work and appellant's more recent

work as a secretary/sales agent and an apartment manager. The record showed not only that appellant continued to work as a secretary/bookkeeper in 1975 and 1976, but that appellant had also worked as a secretary/sales agent during 1980–1984 and as an apartment manager during 1982–1989. These periods were well within the 15–year period.

Appellant also argues the Secretary erred in considering her apartment manager job as past relevant work because that job involved prolonged standing and walking and heavy lifting and she does not have the residual functional capacity for that level of work. We disagree. According to appellant's testimony, the actual physical demands of her apartment manager job did not involve prolonged walking or standing or heavy lifting and were consistent with light work. 20 C.F.R. § 404.1567(b).

Appellant next argues that the Secretary failed to consider the combined effect of all of her impairments. She argues the Secretary considered her somatization disorder and post-polio syndrome but overlooked her chronic cervical strain and chronic pain syndrome. Appellant also argues the Secretary improperly evaluated her complaints of pain, fatigue and mental impairments. We think these arguments are related and involve the proper analysis of appellant's subjective complaints, specifically disabling pain, regardless of cause.

We believe the Secretary properly evaluated appellant's subjective complaints. The Secretary correctly followed the analysis set forth in *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984). The question is not whether appellant feels any pain or suffers from fatigue, loss of memory or inability to concentrate, but whether to fully believe her claim that those subjective complaints prevented her from performing sedentary or light work. *E.g., Russell v. Sullivan*, 950 F.2d 542, 545 (8th Cir.1991).

In the present case, the ALJ discredited appellant's testimony because it was inconsistent with the objective medical evidence and her relatively normal daily functions and social activities.[2] Appellant does take prescribed medications but not for pain relief.[3]

Based on our review of the record as a whole, we hold the Secretary's decision to deny appellant disability benefits is supported by substantial evidence. Accordingly, we affirm the order of the district court granting the Secretary summary judgment.

2. Appellant testified that she did her own housework, vacuuming, cooking, cleaning, and laundry. She stated she could do shopping with help from her husband. She also testified that she and her husband went out to dinner with friends on Friday nights, went to auctions, and attended church frequently.

3. Appellant testified that she took only two extra-strength Tylenol at night and occasionally took Tylenol with codeine for pain due to overexertion.