81 F.3d 173
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Gerald L. RUPE, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner[1], Social
Security Administration, Defendant-Appellee.
 No. 95-5031.
 United States Court of Appeals, Tenth Circuit.
 March 25, 1996.
 
 Before SEYMOUR, Chief Judge, McKAY, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[2]
 
 1
 Plaintiff Gerald L. Rupe appeals from an order of the district court affirming the Secretary's determination that he was not eligible for Social Security disability benefits. We affirm.[3]
 
 
 2
 The administrative law judge (ALJ) denied benefits at step one, holding that Mr. Rupe was engaged in substantial gainful activity. See Williams v. Bowen, 844 F.2d 748, 750 (10th Cir.1988). On appeal, Mr. Rupe argues the ALJ's determination is not supported by substantial evidence. He asserts that the ALJ erred in evaluating the value of his activities to his business and in not accepting the vocational expert's testimony.
 
 
 3
 "We review the Secretary's decision to determine whether her factual findings are supported by substantial evidence in the record viewed as a whole and whether she applied the correct legal standards. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Castellano v. Secretary of Health & Human Services, 26 F.3d 1027, 1028 (10th Cir.1994) (citations and quotation omitted).
 
 
 4
 At step one, the claimant has the burden of showing he is not performing substantial gainful activity. See 20 C.F.R. 404.1571; Musgrave v. Sullivan, 966 F.2d 1371, 1376 (10th Cir.1992)(claimant has burden of proving disability); Fowler v. Bowen, 876 F.2d 1451, 1453 (10th Cir.1989)(claimant engaged in substantial gainful activity will not be found disabled no matter how severe his impairments). Substantial gainful activity is work that is both substantial, i.e., involving significant physical or mental activities even if done part-time or if the claimant does less, gets paid less, or has less responsibility than when he worked before; and gainful, i.e., work done for pay or profit, whether or not a profit is realized. 20 C.F.R. 404.1572(a), (b).
 
 
 5
 To determine whether a self-employed claimant is performing substantial gainful activity, the Secretary examines the claimant's activities and their value to his business, including (1) whether the claimant's work activity in terms of "hours, skills, energy output, efficiency, duties, and responsibilities, is comparable to that of unimpaired individuals" in the same or a similar business; (2) if the work activity is not comparable, whether, in terms of its value to the business, the activity is worth the amount shown in 20 C.F.R. 404.1574(b)(2); or (3) whether the claimant provides significant services to the business and receives substantial income therefrom. See id. 404.1575(a). The Secretary also considers whether the claimant performs any "[s]upervisory, managerial, advisory or other significant personal services." Id. 404.1573(d). Income alone is not determinative. Id. 404.1575(a).
 
 
 6
 Mr. Rupe and his wife operate a food concession trailer at various events. Mr. Rupe locates the events, determines which ones to apply for, and makes phone calls to book the fairs, while his wife writes letters. He has a commerical driver's license and drives the trailer to the event, although he must take a break every hour. On site, he helps his wife lift supplies weighing up to a maximum of twenty pounds into the trailer. Mr. Rupe hooks up the electricity and water, although it takes him half to the entire day to set up the trailer, a job the average person could do in a couple of hours. He works an hour of the four to five hours the trailer is open at night. Sometimes a person is hired to help operate the concession stand. Mr. Rupe's wife testified that she does 99% of the physical work in the trailer. However, the business requires many other physical and managerial activities.
 
 
 7
 Mr. Rupe's physical contribution to the business is substantial despite the fact that he works slower than an unimpaired individual and takes frequent breaks. More significantly, however, he clearly bears almost the entire responsibility for the operation of the business. He researches the events, decides which ones to apply for, makes the necessary phone calls, and obtains the proper permits. He spends a maximum of two hours a day on this activity. Mr. Rupe's mental activities are pivotal to the business; the amount of time he spends on these activities does not alter this conclusion. See Dolbashian v. Secretary of Health & Human Services, 688 F.2d 4, 5-6 (1st Cir.1982)(claimant's contribution to the business vital even though he spent only one hour a day on business activities).
 
 
 8
 Mr. Rupe realized minimal profit from the business. However, the business operated only part-time for four or five hours a night. See Pickner v. Sullivan, 985 F.2d 401, 403 (8th Cir.1993)(claimant's low earnings due in part to fact that she was self-employed or worked part-time). Part-time work can be considered substantial work activity. See Conn v. Secretary of Health & Human Services, 51 F.3d 607, 610 (6th Cir.1995)(citing 20 C.F.R. 404.1572(a)); Keller v. Sullivan, 928 F.2d 227, 232 (7th Cir.1991). Further, "[w]ork activity may be considered gainful whether or not a profit is realized." Pickner, 985 F.2d at 403 (citing 20 C.F.R. 404.1572(b)); Keller, 928 F.2d at 232 (work may be gainful even if a profit is not realized, so long as it is the kind normally done for pay or profit).
 
 
 9
 Even if we were to conclude Mr. Rupe's physical contribution to the business was not comparable to that of an unimpaired individual, his overall contributions would be substantial because "services performed by a self-employed individual may be more intangible in nature." Dolbashian, 688 F.2d at 6. Mr. Rupe administered the business, thus performing substantial work activities. See Callaghan v. Shalala, 992 F.2d 692, 695 (7th Cir.1993).
 
 
 10
 The Secretary properly considered the nature of Mr. Rupe's activities and their value to the business. His services were absolutely essential to the business, which would not continue without him. See Johnson v. Sullivan, 929 F.2d 596, 598 (11th Cir.1991).
 
 
 11
 Substantial evidence showed Mr. Rupe was performing the job in question. Because Mr. Rupe is self-employed, he is in a unique situation which allows him to adjust his work to his limitations. He is thus able to work where he otherwise might not be able to. Id. (those unemployable by others, when self-employed, are often able to work around their disabilities); Dolbashian, 688 F.2d at 6 (claimant found to have been engaged in substantial gainful activity based on fact he was self-employed and had other people to help him). Because we hold Mr. Rupe failed to show he is not performing substantial gainful activity, we do not address the vocational expert's testimony regarding his physical impairments. See Fowler, 876 F.2d at 1453 (claimant engaged in substantial ainful activity will not be found disabled no matter how severe his impairments).
 
 
 12
 The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R.App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [3]
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument