[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 24, 2005
THOMAS K. KAHN
CLERK

No. 04-14038
Non-Argument Calendar

_____

D.C. Docket No. 03-00251-CV-OC-GRJ

ALONSO B. MARTINEZ,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 24, 2005)

Before ANDERSON, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Alonso B. Martinez, through counsel, appeals the district court's order

affirming the Commissioner's termination of period of disability and disability

insurance benefits, 42 U.S.C. § 405(g). In 1995, an administrative law judge ("ALJ") determined that Martinez was disabled due to a skin disorder, post-traumatic stress disorder, and alcohol abuse. Martinez was awarded a period of disability and disability insurance benefits under the Social Security Act ("the Act"). In 2000, the Social Security Administration ("SSA") conducted a continuing disability review and cancelled Martinez's disability insurance benefits. Thereafter, Martinez requested a hearing by an ALJ.

At the hearing, Martinez testified that he had worked as an acquisitions clerk at a library. His job responsibilities included receiving boxes of new books, identifying to which library the books should go, and alphabetizing and shelving books. From January 2001, when he first began working at the library, until November 2001, he worked six hours per day and made $7.22 per hour. He worked 40 hours per week from November 2001 until August 2002, but from August through September 2002, he scaled back to 6 hours per day. According to Martinez, in 2001 he earned $10,739, and from January 1 to September 27, 2002, he earned approximately $12,000. Martinez stated that the library was very accommodating and allowed him to make up hours on the weekend. However, Martinez told the ALJ that he had stopped working on September 27, the Friday

2

before the hearing, because he was no longer able to work full time, as the position required, due to leg problems.

The ALJ found, <u>inter alia</u>, that Martinez engaged in substantial gainful activity from January 2001 until the time of the hearing, that he worked a significant number of hours per week, and averaged over $740 per month in 2001 and $780 per month in 2002. In addition, the IJ found that the medical evidence clearly showed that Martinez's mental condition had improved since December 2000, and his impairment no longer prevented him from engaging in substantial gainful activity. The IJ concluded that Martinez's disability ceased on December 1, 2000.

The Appeals Council denied Martinez's request for review, and the ALJ's decision became the final decision of the Social Security Commissioner. The district court affirmed the Commissioner's decision.

On appeal, Martinez argues that the ALJ improperly found that he had engaged in substantial gainful activity. Martinez asserts that the ALJ erred in stating that his 2001 earnings were $10,739 because the statement from his employer to the SSA reported that he had earned only $5,710 that year. Martinez also maintains that the evidence established that he performed his work with accommodations from his employer, and, thus, he was not working at the level of

substantial gainful activity. Finally, Martinez argues that the ALJ failed to address whether he was entitled to a trial work period.

The Commissioner's decision on a disability benefits application will be affirmed if it is supported by substantial evidence and the Commissioner applied the correct legal standards. See Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, i.e., more than a mere scintilla. Id.

The statute requires that a person's continued entitlement to disability benefits must be reviewed periodically. 20 C.F.R. § 404.1594(a). Generally, the SSA must determine if there has been any medical improvement in the person's impairments, and, if so, it must determine whether the medical improvement is related to the person's ability to work. Id.; see also 20 C.F.R. § 404.1594(c) (discussing the SSA's determination of medical improvement and its relationship to a person's abilities to do work).

However, the regulations provide for certain limited exceptions where a person's disability can be found to have ended, even where medical improvement has not occurred. 20 C.F.R. §§ 404.1594(a) and (d). One of those exceptions is where the recipient of disability benefits is currently engaging in substantial gainful activity. 20 C.F.R. § 404.1594(d)(5). The regulations define "substantial

gainful activity" as "work activity that is both substantial and gainful." 20 C.F.R. § 404.1572. "Substantial work activity is work activity that involves doing significant physical or mental activities. Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before." 20 C.F.R. § 404.1572(a). "Gainful work activity is work activity that you do for pay or profit. Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized." 20 C.F.R. § 404.1572(b). Generally, the SSA does not "consider activities like taking care of yourself, household tasks, hobbies, therapy, school attendance, club activities, or social programs to be substantial gainful activity." 20 C.F.R. § 404.1572(c).

"If your duties require use of your experience, skills, supervision and responsibilities, or contribute substantially to the operation of a business, this tends to show that you have the ability to work at the substantial gainful activity level." 20 C.F.R. § 404.1573(a). Satisfactory work performance may show that work is being done at the substantial gainful activity level. 20 C.F.R. § 404.1573(b). A person may not be working at the substantial gainful activity level if he is unable, because of impairments, to do "ordinary or simple tasks satisfactorily without more supervision or assistance than is usually given other

5

people doing similar work," or if he is doing work that involves minimal duties that are of little or no use to the employer. Id. Additionally, one's work may not show the ability to do substantial gainful activity if it is performed under special conditions; "[h]owever, work done under special conditions may show that you have the necessary skills and ability to work at the substantial gainful activity level." 20 C.F.R. § 404.1573(c). Those special conditions include receiving special assistance from other employees in the performance of duties and being allowed to work irregular hours or take frequent rest periods. 20 C.F.R. §§ 404.1573(c)(1) and (2).

"Generally, in evaluating . . . work activity for substantial gainful activity purposes, [the SSA's] primary consideration will be the earnings . . . derive[d] from the work activity." 20 C.F.R. § 404.1574(a)(1); see Johnson v. Sullivan, 929 F.2d 596, 598 (11th Cir. 1991) (earnings on income tax returns create a rebuttable presumption that the taxpayer was gainfully employed). Earnings that will ordinarily show engagement in substantial gainful activity include average monthly earnings of over $700 for the year 2001 and slightly more for 2002. See 20 C.F.R. § 404.1574(b)(2)(ii).

The regulations provide for a trial work period during which a person who has been found disabled may test his ability to work and still be considered

disabled. 20 C.F.R. § 404.1592(a). During the trial work period, a person may perform services in as many as nine months, and those months need not be consecutive. Id. The SSA will not consider those services as showing that a disability has ended until those services were performed for at least nine months. Id. However, after the trial work period has ended, the SSA will consider the work performed during the trial work period when determining whether the disability ended at any time after the trial work period. Id.

Substantial evidence supports the Commissioner's determination that Martinez was engaged in substantial gainful activity. The evidence shows that Martinez worked as an acquisitions clerk in a public library from January 1, 2001, to September 30, 2002, and his duties included receiving boxes of new books, identifying to which library the books should go, and alphabetizing and shelving books. In 2001, he earned $10,739, and from January 1 to September 27, 2002, he earned approximately $12,000. Although it is true that a statement from Marion County Public Library to the SSA reported that Martinez had earned $5,709.60 from April 1 to September 30, 2001, and had no other 2001 earnings, that statement is rebutted by Martinez's own acknowledgment he earned $10,739 in 2001. Thus, Martinez earned an average of approximately $895 per month in 2001 and $1,333 per month in 2002. If Martinez had been granted a trial work

period, it would have ended in September 2001, his ninth month at the library, and the Commissioner could have properly considered the work Martinez performed during that period. 20 C.F.R. § 404.1592(a). Finally, even though Martinez stated that the library made special accommodations for him, including reduced hours, weekend hours, and assistance with physical tasks, the Commissioner could nonetheless conclude that Martinez's work, including the special conditions, was at the level of substantial gainful activity. 20 C.F.R. § 404.1573(c). Therefore, we affirm the Commissioner's determination that Martinez had engaged in substantial gainful activity, and we affirm the SSA's termination of Martinez's period of disability and disability insurance benefits.

Because the Commissioner's determination that Martinez engaged in substantial gainful activity was sufficiently supported, we decline to consider whether the Commissioner's determination that Martinez's medical and physical impairments had medically improved was supported by substantial evidence. See 20 C.F.R. § 404.1594(d)(5) (stating that a person's disability can be found to have ended, even where medical improvement has not occurred, where the recipient of disability benefits is engaged in substantial gainful activity).

In sum, upon careful review of the record and consideration of the parties' briefs, we discern no reversible error. Accordingly, we affirm.

**AFFIRMED.**