[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13565
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-00124-GRJ


ELMA D. GREEN,

Plaintiff-Appellant,

versus

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(February 10, 2014)

Before HULL, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Elma D. Green appeals the district court's order affirming the Commissioner's final decision denying her claims for disability insurance benefits and supplemental security income (SSI) prior to January 1, 2009.[1]  Because the Commissioner's decision is supported by substantial evidence, we affirm.

Green filed an application for disability benefits and SSI in June 2009, alleging a disability onset date of May 1, 2007, due to multiple medical issues including colon cancer, diabetes, fatigue, congestive heart failure, high blood pressure, and renal failure.[2]  When she filed her application, Green was employed as a deputy clerk for the Union County, Florida, Clerk's Office.  During 2007 and 2008, while she was being treated for her medical conditions, Green missed a significant number of days of work, required the assistance of her co-workers to complete her duties, and had "poor" productivity.

The Administrative Law Judge (ALJ) found that, although Green suffered from a series of severe impairments that prevented her from performing regular work, she was not entitled to benefits prior to 2009 because she earned sufficient income in 2007 and 2008 to exceed the substantial gainful activity threshold.  On appeal, Green contends that the ALJ's conclusion was not supported by substantial

---

[1] The Commissioner awarded Green benefits beginning on January 1, 2009.
[2]  Green initially alleged an onset date of December 11, 2002, but later amended it to May 1, 2007.

evidence because her 2007 and 2008 employment was "sheltered" or otherwise performed under special conditions, and thus she was entitled to benefits.

We review the Commissioner's final decision to determine if it is supported by substantial evidence and based on proper legal standards. *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004).  Substantial evidence consists of "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (quotations omitted).  Because we "may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner]," a decision supported by substantial evidence must be affirmed "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quotations omitted).  The burden ultimately rests with the claimant to prove that she is disabled and entitled to benefits. *See* 20 C.F.R. § 404.1512(a).

Eligibility for disability benefits and SSI requires that the claimant be disabled.  42 U.S.C. §§ 423(a)(1)(E); 1382(a)(1)-(2).  A claimant is disabled if she is unable "to engage in any substantial gainful activity by reason of a medically determinable . . . impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A).  In order to determine whether a claimant is disabled, the Commissioner applies a five-step sequential evaluation.  20 C.F.R.

3

§§ 404.1520(a)(4); 416.920(a)(4).  At the first step of the evaluation, the claimant must show that she is not engaged in substantial gainful activity, or she will not be found disabled.  *Id.* §§ 404.1520(a)(4)(i), (b); 416.920(a)(4)(i), (b).

"Substantial work activity" is work that involves doing significant physical or mental activities, even if on a part-time basis or with less responsibility than before.  *Id.* §§ 404.1572(a); 416.972(a).  "Gainful work activity," in turn, is work activity done for pay or profit.  *Id.* §§ 404.1572(b); 416.972(b).  The Commissioner relies on certain guides to determine if the claimant is engaged in substantial gainful activity, including the nature of the claimant's work, how well she performed, how much time she spent at work, and whether her work was done under special conditions or in a sheltered workshop.  *Id.* §§ 404.1573; 416.973.  Special work conditions may consist of receiving assistance from other employees, permission to take frequent rest breaks, and permission to work at a lower standard of productivity.  20 C.F.R. §§ 404.1573(c); 416.973(c).  Importantly, however, work done under special conditions can still constitute substantial gainful activity.  *See* 20 C.F.R. §§ 404.1573(c); 404.1574(a)(1), (a)(3), (b)(2); 416.973(c), 416.974(a)(1), (a)(3), (b)(2).

In evaluating work activity for substantial gainful activity purposes, the primary consideration is the claimant's earnings from work activity.  *See id.* §§ 404.1574(a)(1); 416.974(a)(1); SSR 83-33.  If a claimant receives wages

4

exceeding those set out in an earnings guidelines table, a presumption arises that she was engaged in substantial gainful activity during that period.  *See* 20 C.F.R. §§ 404.1574(b)(2); 416.974(b)(2); *see also Johnson v. Sullivan*, 929 F.2d 596, 598 (11th Cir. 1991) (noting that earnings on income tax returns create a rebuttable presumption that the taxpayer was gainfully employed).  For 2007 and 2008, those threshold amounts were $10,800 and $11,280, respectively.  *See* 20 C.F.R. §§ 404.1574(b)(2); 416.974(b)(2).  Ultimately, in making a final determination with respect to substantial gainful activity, the Commissioner will only consider amounts actually earned, meaning that income not directly related to productivity will be subtracted from the claimant's gross earnings to determine the reasonable value of the actual services performed.  20 C.F.R. §§ 404.1574(a)(2); 416.974(a)(2); SSR 83-33.

Here, substantial evidence supports the ALJ's determination that Green engaged in substantial gainful activity prior to January 1, 2009, and was, therefore, not disabled before that time.  The record established that, in her capacity as a deputy clerk, Green was paid $25,041.60 in 2007 and $26,530.09 in 2008.  Those gross income amounts are more than double the amounts set out in the earnings guidelines, thus giving rise to a presumption that she had engaged in substantial gainful activity during those years.  *See* 20 C.F.R. §§ 404.1574(b)(2); 416.974(b)(2); *Sullivan*, 929 F.2d at 598.  Although Green was entitled to a

reduction to account for special allowances made by her employer, such as extra help, fewer or easier duties, frequent rest periods, and lower production standards, the ALJ properly considered these reductions. Specifically, relying on the Union County Clerk's statement regarding the reasonable value of Green's services, the ALJ reduced Green's gross income figures by one third. Even after this adjustment, Green's income exceeded the allowable amounts.

Green argues that her work qualified as "sheltered work," but we disagree. A "sheltered workshop" describes a facility that operates at a loss or receives charitable contributions or government aid. *See* 20 C.F.R. §§ 404.1574(a)(3); 416.974(a)(3). Additionally, sheltered employment "is employment provided for handicapped individuals in a protected environment under an institutional program," and may include work made available at certain sheltered operations workshops, long-term care institutions, or even homebound employment. SSR 83-33. Green's employment in the county clerk's office does not constitute "sheltered" work.

For the foregoing reasons, we affirm the Commissioner's final decision.

**AFFIRMED.**

6