[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11136
Non-Argument Calendar
_____

D.C. Docket No. 3:13-cv-00289-JBT

MAE DOROTHY EYRE,

Plaintiff-Appellant,

versus

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 30, 2014)

Before MARCUS, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Mae Dorothy Eyre appeals the district court's order affirming the administrative law judge's ("ALJ") denial of her application for disability insurance benefits and supplemental security income, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).  Briefly stated,  Eyre argues that the ALJ erred by giving "significant weight" to the opinion of Dr. Olin Hamrick, a non-examining physician, and by giving "no weight" to the opinion of Dr. Felix Toro, whom Eyre asserts is her treating psychiatrist.  Eyre also argues that substantial evidence did not support the ALJ's finding that she performed her past jobs as a kitchen helper and a hotel housekeeper at the level of substantial gainful activity, as determined by the average monthly wages she earned over the time she was employed as a kitchen helper and a hotel housekeeper.

I.

We review the ALJ's decision when the ALJ denies benefits and, as is the case here, the Appeals Council denies review of the ALJ's decision.  *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  We review the ALJ's legal conclusions *de novo* and "we review the resulting decision only to determine

2

whether it is supported by substantial evidence." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). Substantial evidence requires more than a scintilla of evidence and is such relevant evidence as a reasonable person would accept as sufficient to support a conclusion. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). We do "not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [ALJ]." *Id*. As long as the decision is supported by substantial evidence, we will defer to the ALJ's decision, even if the evidence may preponderate against it. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004).

Eligibility for disability insurance benefits and supplemental security income requires that the claimant is under a disability. 42 U.S.C. §§ 423(a)(1)(E), 1382(a)(1). In relevant part, a claimant is under a disability if she is unable to engage in substantial gainful activity because of a medically determinable impairment that can be expected to result in death or which has lasted or can be expected to last continuously for at least 12 months. *Id*. §§ 423(d)(1)(A), 1382c(a)(3)(A). The claimant bears the burden of proving her disability. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

To determine whether a claimant is disabled, the ALJ applies a "five-step sequential evaluation." 20 C.F.R. §§ 404.1520(a), 416.920(a). This process includes an analysis of whether the claimant (1) is currently engaged in substantial

3

gainful activity; (2) has a severe and medically-determinable impairment; (3) has such an impairment that meets or equals a Listing, and meets the duration requirements; (4) can perform her past relevant work, in the light of her residual functional capacity ("RFC"); and (5) can make an adjustment to other work, in the light of her RFC, age, education, and work experience. *Id.* §§ 404.1520(a)(4), 416.920(a)(4).

In assessing medical opinions, the ALJ must consider a number of factors in determining how much weight to give to each medical opinion, including (1) whether the physician has examined the claimant; (2) the length, nature, and extent of a treating physician's relationship with the claimant; (3) the medical evidence and explanation supporting the physician's opinion; (4) how consistent the physician's "opinion is with the record as a whole"; and (5) the physician's specialization. *Id.* §§ 404.1527(c), 416.927(c). These factors apply to both examining and non-examining physicians. *Id.* §§ 404.1527(e), 416.927(e). A treating physician's opinion must be given "substantial or considerable weight," unless "good cause" is shown to the contrary. *Winschel*, 631 F.3d at 1179; *see also* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2) (giving controlling weight to the treating physician's opinion unless it is inconsistent with other substantial evidence). "Good cause exists when the (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating

physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Winschel*, 631 F.3d at 1179 (quotations omitted). The ALJ owes no deference to the opinion of a physician who conducted a single examination: as such a physician is not a treating physician. *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987).

In addition, the ALJ, not a claimant's physician, is responsible for determining whether a claimant is statutorily disabled. 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1). "A statement by a medical source that [a claimant is] 'disabled' or 'unable to work' does not mean that [the ALJ] will determine that [the claimant is] disabled." *Id.*

Upon considering medical opinions, "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel*, 631 F.3d at 1179.

Here, Dr. Toro was unentitled to the status of a "treating physician," because he did not treat Eyre on a regular basis before the ALJ's decision. *See McSwain*, 814 F.2d at 619. Moreover, Dr. Toro's opinion on Eyre's mental impairments was not consistent with the record as a whole. *See* 20 C.F.R. §§ 404.1527(c), 416.927(c). Accordingly, we affirm the ALJ's decision to give "no weight" to his opinion. Further, the ALJ's decision to give "significant" weight to Dr. Hamrick's

5

opinion is supported by substantial evidence contained in Eyre's medical records. *See Winschel*, 631 F.3d at 1178.

## II.

A claimant will be found not disabled if she can return to her past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). A "claimant has the burden of showing that certain work experience is not past relevant work." *Barnes v. Sullivan*, 932 F.2d 1356, 1359 (11th Cir. 1991). "Past relevant work is work that [a claimant has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." 20 C.F.R. §§ 404.1560(b)(1), 416.960(b)(1).

The federal regulations define "substantial gainful activity" as "work activity that is both substantial and gainful." *Id.* §§ 404.1572, 416.972. "Substantial work activity" is work "that involves doing significant physical or mental activities," even if on a part-time basis. *Id.* §§ 404.1572(a), 416.972(a). "Gainful work activity," in turn, is work activity done for pay or profit. *Id.* §§ 404.1572(b), 416.972(b). If the claimant is an employee, the ALJ will rely on certain guides to determine if the claimant is substantially gainfully active. Important criteria in this regard include the nature of the claimant's work, how well she performed, how

much time she spent at work, and whether her work was done under special conditions. *Id.* §§ 404.1573, 416.973.

In evaluating work activity for substantial gainful activity purposes where the claimant was an employee in the past, the chief consideration is the claimant's earnings from the work activity. *Id.* §§ 404.1574(a)(1), 416.974(a)(1). The ALJ ordinarily will consider that the claimant either was or was not engaged in substantial gainful activity if her average monthly earnings are above or below a certain amount established by the Social Security Administration's earnings guidelines. *Id.* §§ 404.1574(b)(2)-(3), 416.974(b)(2)-(3); *see also Johnson v. Sullivan*, 929 F.2d 596, 598 (11th Cir. 1991) (noting that earnings on income tax returns create a rebuttable presumption that the taxpayer was gainfully employed).

Earnings, however, are not dispositive. Even where the claimant's average monthly earnings were below the amount established by the earnings guidelines, if other evidence indicates that the claimant was engaged in substantial gainful activity or that the claimant was in the position to control the amount of wages she was paid, the ALJ can consider other information, including whether the work performed was "comparable to that of unimpaired people in [the claimant's] community who [were] doing the same or similar occupations as their means of livelihood, taking into account the time, energy, skill, and responsibility involved in the work." 20 C.F.R. §§ 404.1574(a)(1), (b)(3)(ii)(A), 416.974(a)(1),

7

(b)(3)(ii)(A).

Here, the record did not indicate that Eyre earned enough money as a kitchen helper and a hotel housekeeper for the work to be ordinarily considered substantial gainful activity.  *See* 20 C.F.R. §§ 404.1574(b)(2), 416.974(b)(2).  But other evidence on the energy, skill, and physical activity of her past work showed that Eyre engaged in substantial gainful activity as a kitchen helper and a hotel housekeeper.  *See id.* §§ 404.1572(a), 404.1574(a)(1), (b)(3)(ii), 416.972(a), 416.974(a)(1), (b)(3)(ii).  Furthermore, Eyre offered no evidence to rebut the ALJ's reasonable determination that she had engaged in substantial gainful activity as a kitchen helper and a hotel housekeeper.  *See Barnes*, 932 F.2d at 1359.

Substantial evidence supports the ALJ's determination.  The  ALJ properly found that Eyre's kitchen helper and hotel housekeeping jobs were past relevant work.  *See Moore*, 405 F.3d at 1211; *see also* 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1560(b)(1), 416.920(a)(4)(iv), 416.960(b)(1).

**AFFIRMED.**

8